ANTHONY BRADHAM, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

Criminal Law—Arraignment Not Necessary on Second Trial— When Peremptory Challenges Must be Taken—Single Exceptions to Refusals to Instruct—Proof of Wounds as Alleged—Abuse of Argument.

1. Where a defendant on a first trial has been regularly arraigned and plead not guilty, it is not necessary, upon a retrial of the same defendant upon the same indictment. to re-arraign him, or for him to plead anew.

2. While defendants upon trial for crime should be protected in the proper exercise of their right of peremptory challenge, yet such right must be seasonably exercised *before the jurors are sworn in chief*; otherwise it is waived.

3. Where a single exception is made to embrace the refusals of the trial judge to give two or more requested instructions, containing distinct propositions of law, the appellate court will not sustain such an exception if it finds any one of the refused instructions to have been properly refused.

4. In an indictment for murder the substance of the charge is, that the prisoner unlawfully and with a premeditated design killed the deceased by means of shooting, poisoning, cutting, blows or bruises, or the like; it is, therefore sufficient if the proof agree with the allegation in its substance and general

character, without precise conformity in every particular. In other words, an indictment describing a thing by its generic term is supported by proof of a species which is clearly comprehended within such description. Under this rule where the indictment alleges the death to have been caused by shooting, and describes the mortal wound to have been of the breadth of one-quarter of an inch and of a depth of four inches, the proof is sufficient if it shows that death resulted from numerous wounds inflicted by shot of small size fired from a gun, but none of which were of the dimensions alleged in the indictment.

5. It is improper for counsel to add, by his own statement in argument, a material fact, without the authority of evidence, to the testimony as submitted to the jury. A statement of such a fact by counsel not authorized or proven by the evidence should not be allowed to go to the jury. The judge should stop him at once; and if he fails to do so, when requested, and the impropriety is great, and exception is duly taken, it is ground for a new trial.

Writ of error to the Circuit Court for Wakulla county.

The facts in the case are stated in the opinion of the court.

*R. Don McLeod* and *Nat R. Walker*, for Plaintiff in Error.

*The Attorney General*, for Defendant in Error.

Taylor, C. J.:

The plaintiff in error was indicted for murder in the first degree at the Fall term, 1898, of the Circuit Court for Wakulla county, and at the Spring term of said court, 1899, was tried and convicted of murder in the second

degree, and sentenced to life imprisonment, and from such judgment comes here by writ of error.

It is assigned as error that there was no legal arraignment of the defendant at the trial. The record shows that at a former trial of the defendant upon the same indictment, that resulted in a mistrial, the defendant was regularly arraigned and plead not guilty. This court in the case of Reynolds v. State, 34 Fla. 175, 16 South. Rep. 78, has settled this question, holding that upon a retrial of the defendant upon the same indictment, upon which there was a former arraignment, plea and trial, it was unnecessary to re-arraign the defendant, nor for him to plead anew.

The record shows that after twelve jurors had been tendered by the State and accepted by the defendant and *sworn in chief*, the defendant peremptorily challenged one of the jurors thus accepted and sworn, but upon objection by the State, on the ground that such challenge came too late, it was disallowed. This ruling is assigned as error. There was no error here. While defendants upon trial for crime should be protected in the proper exercise of their right of peremptory challenge, yet such right must be seasonably exercised *before the jurors are sworn in chief*, otherwise it is waived. O'Connor v. State, 9 Fla. 215. And such was the rule at the common law. Wharton's case, Yelverton, 24; Vicars v. Langham, Hobart, 235; Tyndal's case, Cro. Car. 291.

At the trial the defendant requested five instructions to be given to the jury. The court gave one of them, but refused the other four, and to such refusal the defendant took but a single exception, including therein the refusal to give the four requested instructions. The rule is settled in this court that where a single exception is made to embrace the refusal of the trial judge to give

two or more requested instructions, containing distinct propositions of law, the appellate court will not adjudge such refusal to be error if it finds any one of the refused instructions to have been properly refused. Oliver v. State, 38 Fla. 46, 20 South. Rep. 803; Eggart v. State, 40 Fla. 527, 25 South. Rep. 144. Under this rule there was no error in the refusal of the requested instructions, as we find the fourth, to say nothing of the others, to have been properly refused. Such fourth refused instruction was as follows: "A man has the same right to protect the honor of his home and family as to protect his own life; and if you believe from the evidence that Anthony reasonably believed that a criminal assault was being made on his daughter, and that he fired on her assailant in her protection, you would be justified in finding him not guilty." This instruction was erroneous, and was properly refused, among other reasons, because of its omission of the idea that to justify the taking of human life by a parent in defense of his child, under the circumstances hypothesized in the instruction, it must have appeared to the parent that the assault upon his child would have resulted in her death, or in great bodily harm to her, unless he took the life of her assailant. The term "criminal assault," too, in the instruction was calculated to mislead the jury into the belief that any kind of assault made upon a child would justify the parent in taking the life of an assailant, since all assaults may be described as "criminal." It is contended under that ground of the defendant's motion for new trial that asserts the verdict to be contrary to the evidence, that the proofs do not sustain the description of the wound from which death occurred as alleged in the indictment, that the indictment alleges that the defendant by the shooting did strike, penetrate and wound the deceased upon

the head, face and body, giving to him "with the leaden shot aforesaid  *   *   *  in and upon the head, face and body  *   *   *  one mortal wound of the depth of four inches and of the breadth of one-fourth of an inch." The proof shows that the deceased, was shot with small shot that caused numerous penetrated wounds in the head, face and body downwards to the lower part of the abdomen, and that these shot produced death, but the State's witness who testified to the wounds expressly disclaimed finding any one wound, either on the head, face or body of the deceased, "of the depth of four inches and of the breadth of one-quarter of an inch." Upon this state of the proof it is contended that there is such a variance between the allegation and the proof as that the former is not supported by the latter. There is no merit in this contention. In the case of Bryan v. State, 19 Fla. 864, the following rule, in substance, from 1 Greenleaf's Ev. Section 65, is approvingly quoted: In an indictment for murder, the substance of the charge is, that the prisoner unlawfully and with a premeditated design killed the deceased by means of shooting, poisoning, cutting, blows or bruises, or the like, it is, therefore, sufficient if the proof agree with the allegation in its substance and general character without precise conformity in every particular. In other words, an indictment describing a thing by its generic term is supported by proof of a species which is clearly comprehended within such description. With the correctness of this rule we are in full accord.

In the argument of the State Attorney to the jury he made the following assertions in the language following: "Old Anthony had cunningly planned to take the life of George Gainy. He well knew that his daughter had agreed to meet George Gainy there and submit to his

warm embrace, and he was there with a loaded shot gun to shoot him down like a dog. He had been on George's trail all day, hounding him down like a ferocious beast." Defendant's counsel objected to these statements by the State Attorney on the ground that they were material statements outside of the evidence and likely to injure the accused, and called upon the judge to check said abuse of the right of argument, but the judge did not check, rebuke or stop the State Attorney, but allowed him to go on using the said language and other language similar, to which the defendant excepted, and it is assigned as error. This was error. The unsworn assertions of the State Attorney objected to came in the form of positive statements of fact that were entirely outside of any evidence in the cause and could not properly be inferred from any evidence adduced. There was nothing whatever in the evidence upon which they could have been predicated. They were material and tended strongly to prejudice the defendant. In the case of Newton v. State, 21 Fla. 53, this court has said: It is improper for counsel to add, by his own statement, a fact, without the authority of an oath or evidence, to the testimony as submitted to the jury. A statement of a fact by counsel not authorized or proven by the evidence, should not be allowed to go to the jury. The judge should stop him at once; and if he fails to do so, when requested, and the impropriety is great, and exception is duly taken, it is ground for a new trial. Killings v. State, 28 Fla. 313, 9 South. Rep. 711.

For the error found, the judgment of the Circuit Court is reversed and a new trial ordered.