316 So.2d 576 (1975)
Jacob Leonard KNIGHT, Appellant,
v.
STATE of Florida, Appellee.
No. W-186.
District Court of Appeal of Florida, First District.
July 17, 1975.
*577 Richard W. Ervin, III, Public Defender, and David J. Busch, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Richard W. Prospect, Asst. Atty. Gen., for appellee.
BOYER, Chief Judge.
Appellant was convicted by a jury of the second degree murder of his father-in-law and was sentenced to 15 years imprisonment. He now challenges by direct appeal the judgment and sentence.
On the night of August 5, 1973, appellant, who had been separated from his wife, visited her and their children at the wife's trailer. The victim, John Henry Madison, came up to the trailer and told the appellant to come out. The wife observed her father and the appellant having a conversation, at the conclusion of which appellant shot Mr. Madison. The victim received three gunshot wounds which caused his demise. Appellant states that the victim approached him with a large Barlow knife in his hand, and, indeed, the victim was discovered lying on his back with a knife in his open hand. However, although both the deceased's son and daughter stated that they saw something in his hand prior to his death, both stated that they did not see him with a knife in his hand either before or after the shooting. They also stated that he fell face down after being shot. The son further stated that after initially seeing his father fall face down and without a knife in his hand, he returned to the scene after a period of time and found that his father was lying on his back and had a knife in his open hand.
Appellant now objects to certain alleged errors committed during the conduct of his trial, the first of which relates to the method by which the prosecutor attempted to impeach appellant's testimony. Specifically, appellant asserts the trial court erred in permitting the prosecutor to mention the nature of a crime for which appellant had been arrested but not convicted. The proper procedure for the introduction of a prior conviction is set forth in F.S. 90.08 which provides:
"No person shall be disqualified to testify as a witness in any court of this state by reason of conviction of any crime, but his testimony shall be received in evidence under the rules, as any other testimony. Evidence of such conviction, including the fact that the prior conviction was for the crime of perjury, may be given to affect the credibility of the said witness, and such conviction may be proved by questioning the proposed witness or, if he deny it, by producing a record of his conviction. Testimony of the general reputation of said witness may likewise be given in advance to affect his credibility."
If a witness denies a prior conviction, the adverse party may then, in the presentation of his side of the case, produce and file in evidence the record of any such conviction. (McArthur v. Cook, Sup.Ct.Fla. 1957, 99 So.2d 565; see also Braswell v. State, Fla. App. 1st 1975, 306 So.2d 609)
At appellant's trial, however, the required procedure was not followed. Instead, the prosecutor initially asked the appellant if he had every been convicted of a crime, to which the defendant responded in the negative. The jury was then excused and a sidebar conference was held, after *578 which the jury returned and the prosecutor asked the appellant if he had ever been convicted of assault with a deadly weapon, found guilty, and placed on five years probation. Again, appellant answered in the negative to compound the error, the prosecutor asked the question, in varying forms, six more times, each time receiving a negative rely.
The State does not deny that error was committed, but argues that it was harmless. The State urges that, if anything, the series of questions and answers now objected to actually aided the defense because the net result was to convey the impression to the jury that the defendant had never been convicted of a crime. Yet, this argument ignores the importance of the prosecutor in the eyes of the jury. What is the average juror to think when the representative of the State is allowed to repeatedly ask an accused whether he had been convicted of a particular crime? The unfortunate tendency of the human mind to conclude that "where there is smoke, there is fire" operates to prejudice the right of an accused to a fair trial. Moreover, this Court cannot allow such a flagrant violation of the statute to go unnoticed. Therefore, reversal for a new trial on this point alone would be required.
Another point raised by appellant also calls for reversal. Appellant asserts that the introduction of irrelevant and prejudicial testimony and prosecutorial comments throughout the trial and closing arguments denied him a fair trial. After reading the record, we have concluded that the trial was conducted in what has been aptly described as a "circus atmosphere". Although the appellant was purportedly being tried for second degree murder, statements were made concerning his lack of support for his family, his morals were directly assaulted, appeals of sympathy were made for the plight of the widow and children of the deceased, and attempts were made to play on the jurors' geographic prejudice. Some of these prosecutorial comments and testimony were objected to; some were not. When objections were made, some were sustained; some were not.
As noted previously by this Court, "a defendant in this jurisdiction is not entitled to a perfect trial but is entitled to a fair trial." (Simmons v. Wainwright, Fla.App. 1st 1973, 271 So.2d 464, 466) Sub judice, the comments and actions of the prosecutor rendered the appellant's trial neither perfect nor fair. The State now asserts that because appellant's trial counsel did not object to each improper comment, appellant is now precluded from alleging error on this point on appeal. The Florida Supreme Court, however, has spoken to the type of situation with which we are now faced: "The State points out that in some instances there was an absence of objection in the present trial and in other instances an objection to the improper inferences was sustained. Such absence will not suffice where the comments or repeated references are so prejudicial to the defendant that neither rebuke nor retraction may entirely destroy their influence in attaining a fair trial." (Wilson v. State, Sup.Ct.Fla. 1974, 294 So.2d 327, 328-329)
The record indicates that the actions taken by the prosecutor prejudiced the defendant. A prior statement by this Court is applicable here: "When the improprieties revealed by the record are such as to cast an unfairly favorable light upon the State and an undeserved unfavorable light upon the defendant the prejudice is apparent and the entire trial is thereby tainted." (Flicker v. State, Fla.App.1st 1974, 296 So.2d 109)
In closing, we set forth what is to be expected of the representative of the State of Florida in the conduct of a criminal trial:
"* * * It is the duty of a prosecuting attorney in a trial to refrain from making *579 improper remarks or committing acts which would or might tend to affect the fairness and impartiality to which the accused is entitled. His duty is not to obtain convictions but seek justice, and he must exercise that responsibility with the circumspection and dignity the occasion calls for. Cases brought on behalf of the State of Florida should be conducted with a dignity worthy of the client."[1]
Reversed and remanded for a new trial.
MILLS, J., and TENCH, BENJAMIN M., Associate Judge, concur.
NOTES
[1] Cochran v. State, Fla.App.1st 1973, 280 So.2d 42, 43.