335 So.2d 835 (1976)
Walter Gordon RICHARDSON, Appellant,
v.
STATE of Florida, Appellee.
No. 75-1606.
District Court of Appeal of Florida, Fourth District.
July 2, 1976.
Rehearing Denied August 27, 1976.
Richard L. Jorandby, Public Defender, and Paul M. Herman, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and C. Marie Bernard, Asst. Atty. Gen., West Palm Beach, for appellee.
ALDERMAN, Judge.
Appellant, the defendant below, appeals his conviction of attempted breaking and entering with intent to commit petit larceny.
He first asserts that the trial court erred in denying his motions for acquittal. The evidence was in part circumstantial and a close question was presented. In *836 reference to circumstantial evidence, the test to be applied is whether the jury might reasonably conclude that the evidence excludes every reasonable hypothesis but that of guilt. Piantadosi v. State, 311 So.2d 742 (Fla.App. 3rd, 1975); Duran v. State, 301 So.2d 486 (Fla.App. 3rd, 1974); Amato v. State, 296 So.2d 609 (Fla.App. 3rd, 1974).
Applying this principle to the testimony in this case, we find that the trial judge correctly submitted the case to the jury. There was sufficient evidence from which the jury could reasonably exclude every hypothesis but that of guilt.
Defendant's second point is based upon certain remarks made by the prosecutor during closing argument. The following took place before the jury.
"MR. PICCHI: [Prosecutor]: Ladies and gentlemen, I have done my job. My job is to present the facts. I could have brought in a lot of police officers.
MR. TAYLOR: [Defense Counsel]: I will object. He could have brought in anybody, but he did not do it.
THE COURT: Go ahead.
MR. PICCHI: I am trying to say, we are finishing this case now. It could have lasted longer.
MR. TAYLOR: Your Honor, I will object. Come on, please.
MR. PICCHI: The facts of the case have been presented to you as succinctly and as plainly as possible. I ask you to use your common sense. I have done my job. I presented it to you. It is your turn. This is your community. This is your courtroom. These are your laws."
The state concedes that the prosecutor's remarks were improper, but asserts that they were of a general nature not likely to prejudice the accused and therefore harmless error. In a close case we must give particularly careful attention to any improper and prejudicial remarks. The jury verdict in this case hinged upon the defendant's credibility. We cannot say that the prosecutor's allegation that he "... could have brought in a lot of police officers", might not have had the effect of unfairly tipping the scales against the defendant. Thompson v. State, 318 So.2d 549 (Fla.App. 4th, 1975).
Reversed and remanded for a new trial.
WALDEN, C.J., and BERANEK, JOHN R., Associate Judge, concur.