346 So.2d 1081 (1977)
John Francis TRAINER, a/K/a Robert Edward White, Appellant,
v.
STATE of Florida, Appellee.
No. CC-325.
District Court of Appeal of Florida, First District.
June 10, 1977.
*1082 Michael J. Minerva, Public Defender, Tallahassee, for appellant.
Robert L. Shevin, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Judge.
Trainer was convicted of breaking and entering with intent to commit grand larceny and attempted breaking and entering with intent to commit a felony. His appeal urges that his rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) were compromised by police testimony concerning his evasive answers to questioning before he was advised of his right to remain silent, and that the trial court also erred in admitting testimony of his alleged accomplice, during the State's direct examination, of prior consistent accusatory statements made by the accomplice to the prosecutor.
After the accomplice was apprehended and identified at the burglary scene after dark in a high-crime area, one of the police approached Trainer's nearby parked car. Holding a shotgun, but not pointing it, the officer called "Freeze!" to the dozing Trainer and asked his identity. After receiving an answer, the officer inquired what Trainer was doing there, to which Trainer replied he had car trouble and was napping. The officer then inquired whether anyone was with Trainer ("and he said, yes, he had somebody with him") and where ("and then he tells me he don't know where the guy is") and who ("and he wasn't sure about it"). The officer then examined a wallet found on the front floorboard which contained identification of the accomplice.
We find that Trainer was questioned while significantly restrained by an officer whose suspicion was trained on him. The interrogation was custodial and Trainer's answers, beyond those of identification, were inadmissible without prior Miranda warnings. State v. Ecker, 311 So.2d 104 (Fla. 1975). There is no plausible argument here that a limited interrogation was privileged to secure the officer's safety. Contrast United States v. Castellana, 488 F.2d 65, 500 F.2d 325 (5th Cir.1974).
In the necessary retrial, the State should not be permitted to elicit on direct examination of its accusatory witness, the accomplice, that the witness had previously told the prosecutor "the same thing that you have stated to the Jury here about what happened." A prior consistent statement may not be introduced to shore up a witness' direct testimony unless and until an effort is made to impeach his testimony as a recent fabrication. Van Gallon v. State, 50 So.2d 882 (Fla. 1951); Kellam v. Thomas, 287 So.2d 733 (Fla. 4th DCA 1974).
REVERSED.
MILLS, J., concurs.
BOYER, C.J., dissents.
BOYER, Chief Judge, dissenting.
I respectfully dissent. In my view appellant's Miranda rights were not violated and State v. Ecker, cited in the majority opinion, does not require reversal. As to the second point relating to the eliciting of a prior consistent statement, in my view that error was harmless.