355 So.2d 188 (1978)
James Earl WILDER, Appellant,
v.
STATE of Florida, Appellee.
No. GG-248.
District Court of Appeal of Florida, First District.
February 17, 1978.
*189 Michael J. Minerva, Public Defender, and Louis G. Carres, Asst. Public Defender, Tallahassee, for appellant.
Robert L. Shevin, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Judge.
Wilder appeals from a circuit court judgment that he is guilty of larceny. He complains of the trial court's overruling his counsel's objection to an argument by the prosecutor in closing before the jury, and of the trial court's denial of a new trial on that ground.
The primary issue tried to the jury was whether Wilder was one of the persons observed by the witness Nelson stealing plywood from a construction site. Defense counsel's cross-examination of Nelson attempted to lay the groundwork for impeachment of his identification testimony by evidence of a prior inconsistent description Nelson may have given to deputy Collison. Defense counsel did not call Collison as an impeachment witness, but argued to the jury in closing that the jury should consider as a weakness in the state's case its failure to call deputy Collison to corroborate Nelson's testimony. In closing the prosecutor replied:
Deputy Ted Collison was standing right out in the hallway the whole time, and he [defense counsel] didn't choose to call him to tell you any outstanding evidence that I didn't present to you. I didn't call him because it would have just been the same evidence that you already heard, and I didn't see any need to stay here tomorrow listening to Ted Collison say, "Yes, I came up," and "Yes, Mr. Nelson told me they were the same two men," and "Yes, I saw the crease in the tag," and "Yes, that's the description... ."
The state must of course have an opportunity to reply when defense counsel argues the insufficiency or lack of evidence. Defense counsel's argument in this case may well have prompted a state reply that Collison's evidence could not have been received over objection if offered in the state's case in chief, Trainer v. State, 346 So.2d 1081 (Fla. 1st DCA 1977), cert. denied, 352 So.2d 175 (Fla. 1977), that the witness was as available to the defense as to the state, and that Nelson's identification testimony was not impeached. However, the alternatives available to the state did not include power to recite to the jury testimony the missing witness would have given if called. Objection to the argument was promptly made and was overruled. That was error; and, because the identification question was the principal issue tried, it was prejudicial. A new trial is necessary. Bradham v. State, 41 Fla. 541, 26 So. 730 (1899); Clinton v. State, 53 Fla. 98, 43 So. 312 (1907); Richardson v. State, 335 So.2d 835 (Fla. 4th DCA 1976).
REVERSED.
McCORD, C.J., concurs.
BOYER, J., dissents.
BOYER, Judge, dissenting:
Appellant, defendant in the trial court, was tried for grand larceny. The jury returned a verdict of guilty and the trial court denied a motion for new trial. This appeal followed.
Appellant urges that the trial court erred in overruling his objection to a statement made by the prosecutor in closing argument in response to a statement made by defense counsel. In my view there was no error.
As stated by our sister court of the Second District in Tribue v. State, 106 So.2d 630 (Fla.App. 2nd 1958):
"It is the duty of a trial judge carefully and zealously to protect an accused, so that he shall receive a fair and impartial trial, from improper or harmful statements or conduct by a witness or by a prosecuting attorney during the course of a trial. Also, it is the duty of a prosecuting attorney in a trial to refrain from making improper remarks or committing acts that would or might tend to affect the fairness and impartiality to which the accused is entitled. Sometimes in his zeal during the progress of a case, or in the heat engendered by a stoutly contested *190 controversy, a prosecuting attorney or defense counsel may propound a question or make a remark that would introduce objectionable matter when ordinarily this would not happen. The statements about which appellant is aggrieved came about apparently in a hotly contested trial; they were in response to and were prompted by specific questions asked and statements made by counsel for the defense. Although the statements under criticism may be judged as disparaging and improper, the appellant, under the circumstances of this case, cannot as a consequence obtain benefit from that which his own counsel prompted or provoked and thereby be favored with a reversal of the judgment. See Williams v. State, Fla. 1953, 69 So.2d 766, and Henderson v. State, 1927, 94 Fla. 318, 113 So. 689. The trial court did not commit reversible error under this proposition." (106 So.2d 633)
It is clear sub judice that the statements attributed to the prosecutor were in response to defense counsel's closing argument. Even if they were objectionable (which I do not so find), they were fair comment and reply to the defense statements. A defendant may not have the benefit of statements of his own counsel which elicit or provoke response and yet object to the response. (See Ricks v. State, 242 So.2d 763 (Fla. 3rd DCA 1971)).