SMITH, Judge.
Wilder appeals from a circuit court judgment that he is guilty of larceny. He complains of the trial court’s overruling his counsel’s objection to an argument by the prosecutor in closing before the jury, and of the trial court’s denial of a new trial on that ground.
The primary issue tried to the jury was whether Wilder was one of the persons observed by the witness Nelson stealing plywood from a construction site. Defense counsel’s cross-examination of Nelson attempted to lay the groundwork for impeachment of his identification testimony by evidence of a prior inconsistent description Nelson may have given to deputy Colli-son. Defense counsel did not call Collison as an impeachment witness, but argued to the jury in closing that the jury should consider as a weakness in the state’s case its failure to call deputy Collison to corroborate Nelson’s testimony. In closing the prosecutor replied:
Deputy Ted Collison was standing right out in the hallway the whole time, and he [defense counsel] didn’t choose to call him to tell you any outstanding evidence that I didn’t present to you. I didn’t call him because it would have just been the same evidence that you already heard, and I didn’t see any need to stay here tomorrow listening to Ted Collison say, “Yes, I came up,” and “Yes, Mr. Nelson told me they were the same two men,” and “Yes, I saw the crease in the tag,” and “Yes, that’s the description . . . .”
The state must of course have an opportunity to reply when defense counsel argues the insufficiency or lack of evidence. Defense counsel’s argument in this case may well have prompted a state reply that Collison’s evidence could not have been received over objection if offered in the state’s case in chief, Trainer v. State, 346 So.2d 1081 (Fla. 1st DCA 1977), cert. denied, 352 So.2d 175 (Fla.1977), that the witness was as available to the defense as to the state, and that Nelson’s identification testimony was not impeached. However, the alternatives available to the state did not include power to recite to the jury testimony the missing witness would have given if called. Objection to the argument was promptly made and was overruled. That was error; and, because the identification question was the principal issue tried, it was prejudicial. A new trial is necessary. Bradham v. State, 41 Fla. 541, 26 So. 730 (1899); Clinton v. State, 53 Fla. 98, 43 So. 312 (1907); Richardson v. State, 335 So.2d 835 (Fla. 4th DCA 1976).
REVERSED.
McCORD, C. J., concurs.
BOYER, J., dissents.