SHAW, Judge.
On July 8, 1978, two employees of Cunningham’s Furniture Store located in Jacksonville, Florida were approached by a highly intoxicated Jimmy B. Saffold who asked if he could sleep in the alley behind the store. Upon receiving permission, Saffold curled up on a piece of cardboard and went to sleep. The State introduced evidence that later that afternoon a black man entered the alley wearing either dirty brown or denim cutoffs with a bandage wrapped around his left knee. After picking up a stick and pointing it at Saffold while muttering to himself, the man began beating Saffold about the face with a piece of concrete block. The assailant was finally chased from the area by one of the two eyewitness employees of Cunningham’s who had watched the drama unfold and who later identified the appellant.
It was the opinion of the two eyewitnesses that the assault occurred between the hours of 3:00 and 4:00 PM. Deputy Thomas J. Szafranski testified that in routine check of R & R Bar at approximately 8:30 PM that evening, he noted a man sleeping at a table wearing dirty shorts, no shirt or shoes and bandages wrapped around his left knee and wrist. The officer, who had no prior knowledge of the earlier incident involving Saffold, arrested the appellant for disorderly intoxication.
The defendant was adjudicated guilty of second-degree murder and sentenced to 20 years with a provision for probation.
The Third District Court of Appeal held in a similar situation that the Youthful Offender Act is not to be applied retroactively. Johnson v. State, 379 So.2d 704 (Fla.3d DCA 1980). We, therefore, resist the appellant’s argument that the judge committed error in failing to sentence the appellant under the Youthful Offender Act.
It is also argued that the court erred in allowing the State to indirectly comment upon the defendant’s silence. During summation, defense counsel made reference to the paucity of evidence produced by the State and questioned why certain witnesses were not called by the State to testify. The prosecutor, in closing argument, responded to the summation by commenting on the subpoena power of the defense. The trial judge appears to have been keenly aware that the prosecutor was skirting the outer limits of permissible prosecutorial conduct and admonished him to withdraw from further comment on the subject. He concluded, however, that the prosecutor’s statements were fair comment in response to defendant’s summation.
On direct examination Officer Sza-franski identified the appellant and related the circumstances surrounding his arrest. Defense counsel was allowed to explore these areas on cross-examination and brought out that it was only after the arrest that Officer Szafranski became aware that there was a BOLO out on a suspect. When counsel attempted to inquire further into Szafranski’s understanding of the BOLO and the BOLO’s description of the suspect, the trial judge sustained the State’s objection.
On cross-examination the State was allowed to inquire into the appellant’s activities after 5:30 PM. Appellant argues that such inquiry exceeded the scope of the direct examination and is reversible error. Cross-examination is subject to the test of relevancy.
“The propriety of questions on cross-examination rest in the sound judicial discretion of the trial court, who must judge of their propriety from what transpires *364 on the trial and the course and conduct of the witness on the stand. The discretion of the trial court in this respect will not be interfered with unless clearly abused to the manifest prejudice of the complaining party.” 35 Fla.Jur. Witnesses § 191 (1961).
We are not prepared to say that the trial court abused its discretion or that prosecu-torial conduct was such as to deny the appellant a fair trial.
The judgment appealed from is hereby affirmed.
ERVIN and WENTWORTH, JJ., concur.