459 So.2d 1125 (1984)
Bobby Lee WILLIAMSON, Appellant,
v.
STATE of Florida, Appellee.
No. 83-2229.
District Court of Appeal of Florida, Third District.
November 20, 1984.
Bennett H. Brummer, Public Defender and Bruce A. Rosenthal, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Steven Kolodny and Carolyn Snurkowski, Asst. Attys. Gen., for appellee.
Before SCHWARTZ, C.J., and HUBBART and FERGUSON, JJ.
FERGUSON, Judge.
Defendant appeals his convictions for robbery and burglary. His sole contention is that the trial court erred in denying his motion for mistrial based on certain prosecutorial comments. The State does not contend that the remarks were proper but claims that the comments were (a) invited by remarks of defense counsel, (b) harmless error, or (c) cured by the trial court's instruction given immediately following the comments. We agree with the defendant and reverse.
In the afternoon of November 27, 1982, the victim and her husband were driving on I-95 when they developed car trouble. The couple pulled off the expressway and Mr. Goodman exited the vehicle to call for a tow truck. He locked the car doors leaving *1126 the driver's side window open approximately twelve inches for ventilation. A few minutes later, a car pulled up behind the Goodmans' car. One of the occupants approached the Goodmans' car, put both hands on the driver's side window, and asked Mrs. Goodman for the time. As she raised her arm to give the time, the individual pulled her purse with his right hand and held a knife in his left hand. Mrs. Goodman let go of the purse, screamed, and jumped out of the car. As the assailant ran, Mr. Goodman, who had seen the robber reach into the car, gave chase. The assailant jumped into the waiting car and locked the door. For a few seconds Mr. Goodman was face-to-face with the assailant before the car sped away. The purse contained cash, credit cards, and valuable jewelry.
The police were called and arrived soon afterward. Mr. Goodman was shown a large number of photos, and he identified a picture of the defendant as the assailant. Mrs. Goodman was too upset to make an identification. On December 2, 1982, the Goodmans went to the police station and both selected a picture of the defendant as being the robber. The Goodmans further described the assailant's vehicle as a new Chevrolet or Oldsmobile.
At trial, the defendant relied primarily on an alibi. He testified that he left his home at approximately 11:00 a.m. to go to a rhythm and blues concert. The concert featured six different groups and was to last all day. He did not return home until approximately 11:00 p.m. when the concert ended. His alibi was corroborated by the testimony of Chris Walden, a friend who had accompanied the defendant to the concert and had been with him all day.
In the course of closing arguments, defense counsel argued that the State did not sufficiently refute the defendant's alibi, stating:
All they would have had to have done is get any one person in that neighborhood to say they saw Chris Walden or Bobby Lee Williamson [the defendant] in that neighborhood or anywhere else, but they didn't do it. They couldn't do it because Bobby and Chris were at the concert and it is unrebutted.
When His Honor asked, do you have any rebuttal witnesses, people to counter what the defense has said, no, we don't. We don't have no one to rebut that.
The prosecutor responded to this in closing argument:
Now, ladies and gentlemen, basically, this case comes down to one real issue, whether or not you are going to believe Mr. and Mrs. Goodman, the state's witnesses.
You know, the defense brought up, we didn't bring in all these other people. You know the state can't win this type of situation.
We could have brought in the neighborhood and have them tell you what they saw.

The defense would have said these people are lying. [e.s.]
The propriety of these comments is the subject of this appeal.
Defendant correctly contends that the prosecutor's comments were improper, in that they implied the existence of additional, highly incriminating testimony. The remarks are quite similar to those condemned in Thompson v. State, 318 So.2d 549 (Fla. 4th DCA 1975), cert. denied, 333 So.2d 465 (Fla. 1976). There, the defendant was charged with possession of cocaine and marijuana. The drugs had been seized in the yard adjacent to the defendant's residence. The only evidence linking the seized drugs to the defendant was the testimony of one of the officers at the scene, to the effect that defendant had admitted ownership of the drugs. Although approximately ten officers had conducted the search, the prosecution produced only one officer as a witness. In his closing argument, the prosecutor stated:
Now there were a lot of officers there; and I did tell you that I was going to present five of them. This was a mistake on my part, because at the time I *1127 thought that I was going to, but there wasn't any need.
* * * * * *
I could have put on those other police officers who were in my office who heard Detective Frazier say that this man said those statements. I saw no need. So hold it against me. Don't hold it against Detective Frazier [sic]. I could have brought in other witnesses, just like defense counsel said, just like Sergeant Pacitti could have submitted those things for fingerprint analysis. Sure, he could have, but he didn't feel there was a need. He thought he had a good case, ... . Id. at 551.
The court reiterated the well-established rule that a prosecutor may not express his belief in the guilt of the accused where doing so implies that he has additional knowledge or information about the case which has not been disclosed to the jury. The court here found:
Nothing as subtle as an expression of belief in guilt implying access to additional evidence occurred in the case at bar. Instead, the prosecutor here represented outright to the jury that he had additional evidence of appellant's guilt which he simply saw no need to present to them. This representation was highly improper and prejudicial, especially in the context of this case. Id. at 552.
Accord Richardson v. State, 335 So.2d 835 (Fla. 4th DCA 1976) (prosecutor's comment that: "I could have brought in a lot of police officers" implies existence of additional, harmful evidence and constituted reversible error); cf. Libertucci v. State, 395 So.2d 1223, 1225 n. 5 (Fla. 3d DCA 1981) (prosecutor's comment that but for its inability to call a certain witness, the prosecution would have called him, unfairly suggests that the witness's testimony would lend support to State's case and is improper under Richardson and Thompson cases).
The State responds first that the prosecutor's remarks here were invited by defense counsel's earlier comment on the lack of State witnesses to rebut the defendant's alibi. The argument of defense counsel was plainly a permissible one. See, e.g., White v. State, 377 So.2d 1149 (Fla. 1979), cert. denied, 449 U.S. 845, 101 S.Ct. 129, 66 L.Ed.2d 54 (1980) (prosecutor said: "You haven't heard one word of testimony to contradict what she has said, other than the lawyer's argument"; prosecutor may properly point out that there is an absence of evidence on a certain issue); State v. Mathis, 278 So.2d 280 (Fla. 1973) (prosecutor may properly indicate that there was no evidence on the involuntariness of defendant's confession by stating: "Now, did you hear one thing about him getting beaten up or somebody was pounding on his head, forcing him into this? Not a word about it."); State v. Jones, 204 So.2d 515 (Fla. 1967) (prosecutor's remark that: "Now where is the evidence that says that he didn't know what he was doing?" was proper to refute insanity defense where it was addressed to the evidence as it existed before the jury). That defense counsel's argument is proper, however, does not mean that it did not invite some prosecutorial response. We must decide whether the response in this case was within permissible bounds.
In Cook v. State, 391 So.2d 362 (Fla. 1st DCA 1980), defense counsel permissibly referred to the paucity of evidence produced by the State, and questioned why certain witnesses were not called by the State. The prosecutor then commented on the fact that the defense had the same subpoena power as the State. In upholding the defendant's conviction, the court characterized the comment as fair in response to the defendant's summation. It did note, however, that the prosecutor was skirting the outer limits of permissible prosecutorial conduct. These limits were apparently exceeded in Wilder v. State, 355 So.2d 188 (Fla. 1st DCA 1978), the case which best illustrates the impropriety of the comments in the instant case. Wilder was charged with larceny, and the defense argued to the jury in closing that the jury should consider as a weakness in the State's case its failure to call the arresting officer to corroborate the testimony of its chief witness. The *1128 prosecutor argued that it could have called the officer, but chose not to because his testimony would simply parallel that of the main witness. The court reversed for a new trial, holding that:
The state must of course have an opportunity to reply when defense counsel argues the insufficiency or lack of evidence. Defense counsel's argument in this case may well have prompted a state reply that [the] evidence could not have been received over objection if offered in the state's case in chief, [cite omitted], that the witness was as available to the defense as to the state, and that Nelson's identification testimony was not impeached. However, the alternatives available to the state did not include power to recite to the jury testimony the missing witness would have given if called. [e.s.] Id. at 189.
The prosecutor's remarks in this case, unlike those in Cook, did not merely bring up the fact that the defendant also could have called neighborhood witnesses. Instead, they implied that the State could have called such witnesses if it wished to, that they would have testified favorably towards the State, and further that the only reason the State did not call these witnesses was because defense counsel would have called them liars. Under Wilder, the prosecutor's comments were not invited by defense counsel's simple comment on the lack of State evidence.
Nor was the error harmless. The case against defendant was by no means overwhelming. Both Mr. and Mrs. Goodman testified that the robber had no facial hair; the defendant had a mustache and beard. Mrs. Goodman described the robber's nose as having a bump and being "curved a little"; the defendant had no bump on his nose. The car in which the assailant fled was described as "brandnew"; the defendant owned a 1971 yellow cadillac. Further, Mrs. Goodman's credit cards were still being used as late as January or February of 1983; the defendant was arrested on December 2, 1982. In a close case, a court must carefully examine the challenged error to ensure that it in no way prejudiced the accused. Richardson, 335 So.2d at 836; Thompson, 318 So.2d at 552. We cannot say in this case that the absence of prejudice is plain, therefore, the error may not be categorized as harmless.
Finally, the error was not cured by the trial court's instruction to disregard the prosecutor's remarks. As Florida courts have consistently held since Deas v. State, 119 Fla. 839, 161 So. 729 (1935):
When it is made to appear that a prosecuting officer has overstepped the bounds of that propriety and fairness which should characterize the conduct of a state's counsel in the prosecution of a criminal case, or where a prosecuting attorney's argument to the jury is undignified and intemperate, and contains aspersions, improper insinuations, assertions of matters not in evidence, or consists of an appeal to prejudice or sympathy calculated to unduly influence a trial jury, the trial judge should not only sustain an objection at the time to such improper conduct when objection is offered, but should so affirmatively rebuke the offending prosecuting officer as to impress upon the jury the gross impropriety of being influenced by improper arguments. [e.s.] Id. at 845, 161 So. at 731.
The trial judge's instruction that the jury simply disregard the prosecutor's statements here was insufficient to destroy the likelihood of jury prejudice against the accused. See also State v. Coron, 411 So.2d 237 (Fla. 3d DCA 1982); Ruiz v. State, 395 So.2d 566 (Fla. 3d DCA), rev. denied, 407 So.2d 1106 (Fla. 1981).
Reversed and remanded for a new trial.