571 So.2d 1374 (1990)
Henry JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 90-201.
District Court of Appeal of Florida, First District.
December 17, 1990.
Rehearing Denied January 28, 1991.
Wm. J. Sheppard of Sheppard and White, P.A., Jacksonville, for appellant.
Robert A. Butterworth, Atty. Gen., Amelia L. Beisner, Asst. Atty. Gen., for appellee.
NIMMONS, Judge.
Henry Jones appeals from his conviction of aggravated battery. Appellant complains of improper remarks by the prosecutor during closing arguments and of the trial court's restriction or preclusion of certain testimony sought to be introduced by the defense. We affirm.
The victim, Billy Flood, had undertaken to repair appellant's truck. The appellant gave Flood some money for parts. Flood was unable to work on the truck for a few weeks. Appellant went to Flood's house to retrieve his vehicle, an argument ensued and the police were called. Appellant then towed his truck to the home of Flood's cousin, Edward Williams. Flood went to Williams's home where another heated argument ensued. Flood claims the appellant left for a few minutes and then returned alone with a gun and shot Flood once in each leg.
Williams testified that the appellant was angry when he arrived with his truck in tow because it was not repaired. Williams did not see the appellant with a gun when he returned, nor did he see the appellant shoot Flood because he was looking underneath the truck's hood.
The appellant testified that he was angry with Flood for not completing the repairs. He indicated that Flood initiated the arguments. Appellant said that he towed his truck to Williams' house, left to get oil for the truck, and heard shots upon his return. He claims that he then turned and ran.
Apparently, the appellant and the victim, Billy Flood, were the only eyewitnesses to the shooting. The jury returned a verdict of guilty of aggravated battery with a firearm as charged in the information.
Appellant claims that he is entitled to reversal and a new trial by reason of certain comments made by the prosecuting attorney during closing arguments. In order to place the prosecutor's comments in context, we reproduce as follows certain *1375 comments made by defense counsel[1] which preceded the prosecutor's subsequent remarks during rebuttal:
[By defense counsel]: You also get to consider lack of evidence in the case. You can think about what evidence was not presented here today that I wish I had had.
And the first thing you can consider is the State gave you two witnesses, gave you a man that was shot and gave you a police officer who said he was the back up officer in both cases.
They did not even bring in the primary officer in the case. They never discussed detectives. What about detectives? They never did bring in any of the other witnesses that the police officers talked about they talked to [sic].
That's called lack of evidence. Ask yourselves what would they have had to say that I didn't get to hear.
* * * * * *
[By prosecutor]: That's not why we're here. I didn't bring the charges, the State of Florida brought the charges. I represent the State of Florida because I had enough evidence to convict that man because he shot another man. I wouldn't be here if I didn't believe that I could prove to you beyond a reasonable doubt that he shot him.
I could have probably paraded in here 20 people, we could have been here a couple of days. There's no reason for that. Ladies and gentlemen, you got a victim that testified, that was honest with you, that told you exactly what happened. He saw the guy, me to the court reporter [sic], saw him shoot him.
We got an officer, testified that there was a dispute. Granted it's a high crime area, these people don't want to get involved. They're a lot of people talked to prior to this case, just don't want to get involved. But.
Just because those people don't want to get involved doesn't mean that I haven't proved my case or this case shouldn't come to you for a decision.
* * * * * *
Now going back to where are all of my witnesses? Let me tell you this: I subpoena witnesses. I have the power with the State of Florida, State Attorney's Office to subpoena witnesses. So does Ms. Good. She could get anybody in here she wanted to testify.
Okay, want you to keep that in mind. She could have called any detective, any officer if they would have shed any additional light on it that she wanted. She could have called the evidence technician in this case, Mark Boesman, if she thought it would have shed light on it. I could have called him if I thought it would shed light on it, but ladies and gentlemen you got the facts. Everyone else arrived there later, didn't see it.
No objection was made by defense counsel to any of the prosecutor's above comments. Nor did counsel raise the issue in her motion for new trial. Appellant contends that the prosecutor's above remarks constitute fundamental error which may be asserted for the first time on appeal.
The prosecutor's remarks that the defense counsel could have subpoenaed certain police officers were in response to defense counsel's earlier comments regarding such uncalled witnesses. Such witnesses were as available to the defense as to the state and, therefore, the remarks were not improper. Cook v. State, 391 So.2d 362 (Fla. 1st DCA 1980).[2]
However, to the extent that the prosecutor's remarks constituted an assertion of her personal view of the guilt of the *1376 defendant, such was patently improper. Likewise, the prosecutor's argument that she "could have probably paraded in here 20 people" but that such people "just don't want to get involved" is also highly improper. Wilder v. State, 355 So.2d 188 (Fla. 1st DCA 1978); Williamson v. State, 459 So.2d 1125 (Fla. 3d DCA 1984). Appellant asserts that his failure to raise any objection to the prosecutor's above comments should not preclude his complaining on appeal because such constituted fundamental error. We disagree.
The doctrine of fundamental error should be applied only in rare cases where a jurisdictional error appears or where the interests of justice present a compelling demand for its application. Smith v. State, 521 So.2d 106, 108 (Fla. 1988) (erroneous jury instruction on insanity not fundamental error). In Oglesby v. State, 156 Fla. 481, 23 So.2d 558 (1945), the court stated:
It is the rule in this state that the trial judge shall halt improper remarks of counsel made during an address to the jury even though he is not requested to do so. However, a judgment will not be reversed because he failed in the duty unless timely objection was made. If, though, the comments are so prejudicial that "neither rebuke nor retraction may entirely destroy their sinister influence * * * a new trial should be awarded, regardless of the want of objection or exception." Carlile v. State, 129 Fla. 860, 176 So. 862, 864 (1937).
Id. 23 So.2d at 559. See also Wilson v. State, 294 So.2d 327, 328 (Fla. 1974); Knight v. State, 316 So.2d 576, 578 (Fla. 1st DCA 1975); Lynn v. State, 395 So.2d 621 (Fla. 1st DCA 1981).
We should be cautious in opening the door wider than is absolutely necessary in the area of fundamental error. Overzealousness in attempting to right every wrong by ordering a new trial, notwithstanding the failure to raise timely objection, may have erosive consequences upon our criminal justice system.[3]
The above comments by the prosecuting attorney, although improper, were not so egregious that neither rebuke nor retraction would have neutralized their harmful effect. A firm rebuke of the prosecutor by the trial judge, together with a clear admonition by the court that the jury should disregard the prosecutor's improper remarks, would have been sufficient to satisfy the requirements of Carlile, Oglesby and their progeny. This case simply falls short of that "rare case" which Smith has recently said is deserving of the invocation of the fundamental error rule. Compare Knight v. State, supra, (trial conducted in "circus atmosphere"); Wilson v. State, supra, (repeated improper references to related earlier charge, coupled with persistent accusations of guilt of other serious uncharged felonies). Oglesby v. State, supra, (prosecutor's remark that the police officers "would not have brought the defendant into this court on this charge if it were not for the fact that there were other matters of the kind that could be tacked on him.").
In appellant's other point on appeal, pertaining to the trial court's restriction or preclusion of certain testimony sought to be introduced by the defense, appellant asserts that the trial court prohibited him from presenting his theory of defense. We have examined this point and find it to be without merit.
AFFIRMED.
SMITH, J., concurs.
ZEHMER, J., specially concurs with opinion.
ZEHMER, Judge (specially concurring).
I concur in the opinion for the court in all respects save one. In my view, the prosecutor's remark concerning defense counsel's ability to have subpoenaed certain police officers "was skirting the outer limits of permissible prosecutorial conduct," *1377 which, if objected to by the defendant, would have required the court to admonish counsel "to withdraw from further comment on the subject." Cook v. State, 391 So.2d 362, 363 (Fla. 1st DCA 1980). The prosecutor's argument certainly did not constitute fundamental error, however, because such comments were prompted by defense counsel's argument and thus could be said to constitute "fair comment in response to defendant's summation" under the circumstances of that case. Ibid. I decline to read the Cook opinion as carte blanche approval of this type argument, however, because the doctrine of invited error does not purge an improper argument of its impropriety; the doctrine merely excuses improper argument as a ground for reversal.
NOTES
[1] Appellant's counsel on appeal was not trial counsel.
[2] In response to Judge Zehmer's concurring opinion, we would note that the Cook opinion's reference to the prosecutor's "skirting the outer limits of permissible prosecutorial conduct" was a rather loose characterization of the trial court's apprehension as to where the prosecutor might be heading with this type of comment. Actually, the Cook opinion should be viewed as the approval by this court of the prosecutor's remarks as fair comment in response to the summation by Cook's attorney. In the instant case, the same can be said for that part of the prosecutor's remarks pointing out that defense counsel could have subpoenaed certain officers.
[3] We do not want to encourage the creation of "gotchas" whereby the defense is allowed to sit on its rights, saying nothing until after it sees whether the jury returns an adverse verdict. These kinds of situations can occur just as easily early in protracted trials with enormous consequences of an inordinate waste of judicial time and resources.