318 So.2d 549 (1975)
Raymond M. THOMPSON, Appellant,
v.
STATE of Florida, Appellee.
No. 74-87.
District Court of Appeal of Florida, Fourth District.
August 22, 1975.
Rehearing Denied September 29, 1975.
*550 Peter F.K. Baraban, North Miami, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert B. Breisblatt, Asst. Atty. Gen., West Palm Beach, for appellee.
OWEN, Judge.
Appellant was convicted of possession of cocaine and possession of marijuana in excess of five grams. Of the several points he urges as error on appeal, we find merit in only one, that relating to improper and prejudicial remarks made by the prosecutor in his closing argument to the jury, but this error alone is sufficient basis for reversing appellant's conviction and remanding the cause for a new trial.
The evidence adduced at trial revealed this to be a "close case". Pursuant to a search warrant directing that a search be made of appellant's "premises", the Hollywood police found and seized the drugs giving rise to the instant prosecution in the yard adjacent to appellant's converted garage residence. Several other residences abutted this yard, however, and various other persons besides appellant had access to it. The only evidence linking the seized drugs to appellant was the testimony of one officer at the scene, a Detective Frazer, that when the drugs were discovered, appellant stated, "Hey man, you found my stash" and "Hey, you should have waited until tonight. It is my birthday and everything would have been inside." Despite the fact that approximately ten police officers were at the scene to conduct the search, the State produced only Frazer to testify as to these critical damaging admissions. Appellant took the stand in his own behalf and categorically denied ever making any such statements.
The prosecutor freely admitted in his closing argument to the jury that the defendant's alleged admissions were crucial to the establishment of the State's case, that the State's case hung on the jury's acceptance of Detective Frazer's word over that of appellant:
"But the key point, the place we are hanging our hat, and we are sticking our case on, the most important point of this whole case, are the damning statements that the Defendant made himself.
* * * * * *
"If it weren't for those statements, we wouldn't be here today, because I wouldn't have a case."
*551 Unfortunately, however, the prosecutor did not leave the subject with these comments, but continued:
"Now there were a lot of officers there; and I did tell you that I was going to present five of them. This was a mistake on my part, because at the time I thought that I was going to, but there wasn't any need.
"I said to myself, "Should I swamp them in quantity, or shall I give them one good witness?" I just presented one witness who heard those statements.
* * * * * *
"There's no doubt in Detective Frazer's mind that those statements were made by the Defendant; and he was sure of that. He testified  He swore under oath; and, in my own mind, I was sure that he was telling me the truth that Defendant made these statements.
"I could have put on those other police officers who were in my office who heard Detective Frazer say that this man said those statements. I saw no need. So hold it against me. Don't hold it against Detective Frazier. I could have brought in other witnesses, just like defense counsel said, just like Sergeant Pacitti could have submitted those things for fingerprint analysis. Sure, he could have, but he didn't feel there was a need. He thought he had a good case, ... ."
We note, at the outset, that the absence of an appropriate objection or motion by defense counsel below is not fatal to our consideration of this point on appeal. The rule is generally stated that:
"... whether requested to or not, it is the duty of the trial judge to check improper remarks of counsel to the jury, and by proper instructions to remove any prejudicial effect such remarks may have created. A judgment will not be set aside because of the omission of the judge to perform his duty in the matter unless objected to at the proper time. This rule is, however, subject to the exception that if the improper remarks are of such character that neither rebuke nor retraction may entirely destroy their sinister influence, in such event, a new trial should be awarded regardless of the want of objection or exception." Carlile v. State, 129 Fla. 860, 176 So. 862, 864 (1937).
Accord, Wilson v. State, 294 So.2d 327 (Fla. 1974); Grant v. State, 194 So.2d 612 (Fla. 1967); Pait v. State, 112 So.2d 380, 385 (Fla. 1959); Goddard v. State, 143 Fla. 28, 196 So. 596, 600 (1940). We believe the prosecutor's remarks in this case to have been so prejudicial to the rights of the accused and unsusceptible to eradication by rebuke or retraction as to necessitate the reversal of appellant's conviction for the award of a new trial.
It is well settled that a prosecutor must confine his closing argument to evidence in the record and must not make comments which could not be reasonably inferred from that evidence. Blanco v. State, 150 Fla. 98, 7 So.2d 333, 339 (1942). While some courts have subscribed to the view that it is not improper for a prosecutor to express his individual belief in the guilt of the accused under certain circumstances  i.e., if such belief is based solely on the evidence introduced and the jury is not led to believe that there is other evidence known to the prosecutor (but not introduced) justifying that belief  see, Henderson v. United States, 218 F.2d 14, 1950 A.L.R.2d 754 (6th Cir.1955), cert. denied, 349 U.S. 920, 75 S.Ct. 660, 99 L.Ed. 1253 (1955); United States v. Dawson, 486 F.2d 1326 (5th Cir.1973), it has consistently been held to be reversible error for the prosecutor to express his belief in the guilt of the accused, McMillian v. United States, 363 F.2d 165 (5th Cir.1966), or the credibility of a key witness, United States v. Lamerson, 457 F.2d 371 (5th Cir.1972); Gradsky v. United States, 373 F.2d 706 (5th Cir.1967), where doing so implies *552 that he does have additional knowledge or information about the case which has not been disclosed to the jury.
"... the inquiry should be whether the prosecutor's expression might reasonably lead the jury to believe that there is other evidence, unknown or unavailable to the jury, on which the prosecutor was convinced of the accused's guilt." McMillian v. United States, supra, at 169.
Nothing as subtle as an expression of belief in guilt implying access to additional evidence occurred in the case at bar. Instead, the prosecutor here represented outright to the jury that he had additional evidence of appellant's guilt which he simply saw no need to present to them. This representation was highly improper and prejudicial, especially in the context of this case.
It has been held that particularly careful attention must be given to improper and prejudicial argument made in a close case. Goddard v. State, supra; Handford v. United States, 249 F.2d 295 (5th Cir.1957):
"In a close case, appeals to prejudice take on added weight. When the scales of justice may tip either way and a man's liberty lies in the balance, courts must be especially vigilant to protect an accused." Handford v. United States, supra, at 296.
It is quite obvious that in the case at bar, where the jury's verdict hinged upon a weighing of the credibility of a single State's witness and a single defense witness, the prosecutor's allusion to additional witnesses and evidence could have had the effect of unfairly tipping the scales.
The oft stated rule in this state is:
"... that when a prosecuting attorney has indulged in improper argument, the question is whether or not the court can see from the record that the conduct of the prosecuting attorney did not prejudice the accused, and unless this conclusion can be reached the judgment must be reversed." McCall v. State, 120 Fla. 707, 163 So. 38, 46 (1935).
Accord, Roundtree v. State, 229 So.2d 281 (1st DCA Fla. 1969); Chavez v. State, 215 So.2d 750 (2nd DCA Fla. 1968). Applying this rule in the case before us, we find it necessary to reverse appellant's conviction and remand the cause for a new trial.
WALDEN, C.J., and YAWN, THERON, Associate Judge, concur.