548 So.2d 898 (1989)
Darryl WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 88-3174.
District Court of Appeal of Florida, Fourth District.
September 20, 1989.
*899 Richard L. Jorandby, Public Defender and Susan Johnson, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Deborah Guller, Asst. Atty. Gen., West Palm Beach, for appellee.
DOWNEY, Judge.
Appellant, Darryl Williams, was convicted of possession of cocaine and sentenced to three years' probation. On appeal, he presents three points for our consideration, two of which we find demonstrate reversible error.
Prior to trial Williams filed a motion to suppress physical evidence, but was unable to obtain a date on the trial judge's calendar to have the matter heard before the trial commenced. When he sought to have the motion heard at trial, the court refused because Williams had earlier filed a motion for speedy trial. It was the trial judge's view that the inferences to be drawn from the filing of a motion for speedy trial (such as the movant is ready for trial, etc.) waived the right to file a motion to suppress and other motions indicating he was not ready for trial.
Florida Rule of Criminal Procedure 3.190(h)(4) provides that motions to suppress shall be made prior to trial unless opportunity to do so does not exist, but the court may entertain the motion at trial. Thus, it appears the court may hear a properly filed motion at any time. Since the motion was timely filed in this case, the court was required to hear it before proceeding with the trial. Foster v. State, 255 So.2d 533 (Fla. 1st DCA 1971). The speedy trial question was moot when appellant requested the court to hear the motion because a jury had been chosen. Nevertheless, if the speedy trial rule had created a problem, the court could have extended the speedy trial time to accomodate hearing the motion. Fla. R. Crim. P. 3.191(d)(2); State v. Embry, 322 So.2d 515 (Fla. 1975). Thus, we hold that the trial court in the instant case was obligated to hear the motion to suppress and erred in holding it was waived.
Appellant's second point assigns as error the failure of the court to grant a mistrial based upon the prosecutor's closing argument, wherein he suggested that the state had additional, highly incriminating, testimony that was not submitted to the jury. During the closing argument, defense counsel commented upon the fact that there were seven to ten other witnesses who observed appellant at the time of his apprehension, yet the state presented only one to testify to appellant's possession of the bag allegedly containing the cocaine rock involved herein. The prosecutor replied in his closing argument: "Why would we call seven to ten people to say the same thing?"
The rule is well established that it is perfectly permissible for the defense to comment on the paucity of incriminating evidence adduced by the state, and the state is entitled to respond. However, the response cannot suggest there are other witnesses who would corroborate the *900 state's case had they been called to testify. Williamson v. State, 459 So.2d 1125 (Fla. 3d DCA 1984); Wilder v. State, 355 So.2d 188 (Fla. 1st DCA 1978); Thompson v. State, 318 So.2d 549 (Fla. 4th DCA 1975). This rule was clearly violated here and requires reversal.
Accordingly, the judgment and sentence appealed from are reversed and the cause is remanded for a new trial.
GLICKSTEIN and WARNER, JJ., concur.