647 So.2d 1015 (1994)
Regina TILLMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 94-0447.
District Court of Appeal of Florida, Fourth District.
December 21, 1994.
Charles W. Musgrove, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Don M. Rogers, Asst. Atty. Gen., West Palm Beach, for appellee.
GUNTHER, Judge.
Appellant, Regina Tillman, defendant below (Defendant), appeals a final judgment and sentence for aggravated battery with a firearm. Only two issues require reversal. We reverse because the trial court erred in allowing improper prosecutorial comment during closing argument and in permitting questioning of the victim about an alleged prior gun incident involving the Defendant and the victim.
In closing argument, defense counsel criticized the state's investigation and questioned the lack of testimony from officers who were present at the crime scene. Defense counsel specifically emphasized that the arresting and searching police officers had not been called by the state. The state responded to this defense tactic by arguing to the jury:
"Now the state could have called the police officers in this case but was it necessary? They were just going to come in here and reiterate to you  [Objection.] What the police officers would have told you is exactly the same thing the witnesses would have told you... . There was no need to call them."
It is well settled that a prosecutor must confine his closing argument to evidence in the record and must not make comments which could not be reasonably inferred from that evidence. Thompson v. State, 318 So.2d 549, 551 (Fla. 4th DCA 1975), cert. denied, 333 So.2d 465 (Fla. 1976). In Thompson, similar to the instant case, the prosecutor told the jury in closing argument that he could have put on other police officers, but he saw no need. Id. We held in Thompson that the prosecutor's representation to the *1016 jury of additional corroborating evidence which he saw no need to present to them was highly improper and prejudicial, necessitating reversal. Id. at 552.
In Williams v. State, defense counsel commented that there were seven to ten witnesses and the state only presented one. Williams, 548 So.2d 898, 899 (Fla. 4th DCA 1989). In response, the state replied, "Why would we call seven to ten people to say the same thing?" Id. This court reversed and found this reply to be clearly violative of the rule that the response cannot suggest there are other witnesses who would corroborate the state's case had they been called to testify. Id.
Parallel to the instant case, the reference made by the state in closing argument as to other witnesses who would corroborate the state's case violates the rules established in Thompson and Williams. Accordingly, we reverse and remand.
Another reversible error occurred when the trial court permitted the state to question the victim about an alleged prior gun incident involving the Defendant and the victim. On cross-examination, the Defendant denied ever being in possession of any gun at any time. In rebuttal, the state called the victim to testify that he was sleeping in his bedroom one day, about one week prior to the shooting incident, when the Defendant woke him with a gun in her hand and questioned him about another woman's phone number the Defendant had found in his wallet.
We have held that when a witness is testifying on cross-examination, any answer to a non-material collateral matter is conclusive and cannot be impeached by normal means of impeachment, including contradictory testimony by another witness. Dupont v. State, 556 So.2d 457, 458 (Fla. 4th DCA 1990). Furthermore, we noted in Dupont that evidence of other bad acts of the defendant is not admissible merely as a basis to raise a suggestion of his propensity to commit the crime charged. See Williams v. State, 110 So.2d 654, 660 (Fla. 1959).
Therefore, we find the state's questioning of the victim regarding a prior gun incident to be prejudicial. This questioning impermissibly allowed the state to impeach Defendant's cross-examination testimony regarding the collateral matter of an alleged prior incident. Moreover, this evidence is inadmissible when used to prove the Defendant's propensity to commit the crime charged.
Accordingly, the judgment and sentence appealed is reversed and the cause is remanded for a new trial.
REVERSED and REMANDED.
HERSEY and WARNER, JJ., concur.