658 So.2d 1241 (1995)
Carl HAZELWOOD, Appellant,
v.
STATE of Florida, Appellee.
No. 94-2520.
District Court of Appeal of Florida, Fourth District.
August 23, 1995.
*1242 Richard L. Jorandby, Public Defender, and Mallorye G. Cunningham, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Melynda L. Melear, Asst. Atty. Gen., West Palm Beach, for appellee.
GUNTHER, Chief Judge.
Appellant, Carl Hazelwood, defendant below (Hazelwood), appeals his conviction and sentence for carjacking with a deadly weapon. Although Hazelwood raises three issues on appeal, we find only one basis for reversal. Because the prosecutor, during closing argument, impermissibly suggested that there were additional witnesses who would corroborate the state's case had they been called to testify, we reverse.
Hazelwood and Daniel Detette (Detette) were charged by information with carjacking with a deadly weapon. The charges stemmed from Hazelwood's and Detette's "test-drive" of a Z-28 Camaro. Because neither Hazelwood nor Detette had a driver's license on their person, Wayne Robert, a salesperson, accompanied the men on their test-drive. After obtaining Detette's driver's license and driving only a short distance, Hazelwood pulled the Camaro to the side of the road because of an alleged noise emanating from under the hood. All three men proceeded to exit the car with Robert focusing on the left front wheel. Suddenly thereafter, Hazelwood and Detette re-entered the Camaro and Hazelwood proceeded to drive away. To save both himself and the car, Robert grabbed the passenger side door and reached into the vehicle and grabbed the emergency brake. With his body hanging halfway out of the Camaro, Robert was dragged between forty-five and one hundred feet. Finally, after a knife was flashed in his face, Robert fell out of the vehicle while the car was travelling approximately forty-five miles per hour. Apparently, two people, David Southward and Shannon Ison, either witnessed Robert being dragged or were in the vicinity where he was dragged.
At Hazelwood's jury trial, the state called Detective Kuebler during its case-in-chief. During direct examination, Detective Kuebler testified "I attempted to interview Mr. Hazelwood," apparently after Hazelwood was already in police custody. Thereafter, in its initial closing argument, the defense stressed the state's failure to call either Southward or Ison to testify. Defense counsel argued:
defense would submit to you that the State's failure to call those two crucial witnesses is for a reason, and that is because what Mr. Robert claims occurred was erroneous, was not what actually occurred, because these independent witnesses who would have seen the whole thing never came in and said anything.
In its closing argument, the state attempted to respond to defense counsel's argument. The prosecutor stated, "Ladies and gentlemen, the defense, the defense counsel has the *1243 same subpoena power as the State of Florida." After a brief sidebar, the prosecutor continued and argued:
The State would submit to you that Miss Ison and Mr. Southward, as indicated, could testify to nothing different than was already testified on that stand. Everything that was said or could have been said by them was said in this courtroom. Therefore, it's the State's position that their testimony was unnecessary.
Ultimately, after deliberation, the jury found Hazelwood guilty of carjacking with a deadly weapon.
Initially, we note that Detective Kuebler's testimony concerning his attempt to interview Hazelwood is fairly susceptible of being interpreted by the jury as referring to Hazelwood's failure to testify. State v. DiGuilio, 491 So.2d 1129 (Fla. 1986); State v. Kinchen, 490 So.2d 21 (Fla. 1985). Detective Kuebler's comment reasonably suggested to the jury that any attempt to interview Hazelwood failed because Hazelwood refused to talk with the police. Although impermissible, however, after examining the entire record, we conclude that the error was harmless as there is no reasonable possibility that Detective Kuebler's comment contributed to Hazelwood's conviction. DiGuilio, 491 So.2d at 1135.
We are more concerned with the state's closing argument. It is well established that the state cannot comment on a defendant's failure to produce evidence to refute an element of the crime because doing so could erroneously lead the jury to believe that the defendant carried the burden of introducing evidence. Jackson v. State, 575 So.2d 181 (Fla. 1991). It is also universal that counsel is accorded a wide latitude in making arguments to the jury particularly in retaliation to prior comments made by opposing counsel. Ferguson v. State, 417 So.2d 639 (Fla. 1982). In reconciling these two dictates, courts have held that where defense counsel comments upon the state's failure to call a witness who is demonstrably competent and available, a reply by the prosecuting attorney that the defense has the same ability to put on the witness does not prejudice the defendant's right to a fair trial. Romero v. State, 435 So.2d 318 (Fla. 4th DCA 1983), rev. denied, 447 So.2d 888 (Fla. 1984); Jones v. State, 571 So.2d 1374 (Fla. 1st DCA 1990).
We are not unmindful of this court's recent opinion in Lawyer v. State, 627 So.2d 564 (Fla. 4th DCA 1993), rev. granted and cause dismissed, 639 So.2d 981 (Fla. 1994), in which we certified conflict with McDonald v. State, 578 So.2d 371 (Fla. 1st DCA), rev. denied, 587 So.2d 1328 (Fla. 1991), while discussing the propriety of prosecutorial comments. On appeal, the Lawyer court determined that the prosecutor impermissibly commented on the defendant's failure to call an alibi witness when the same witness was referred to by the defendant during redirect examination. Lawyer, 627 So.2d at 568. Lawyer, however, is factually distinguishable from the instant case. In Lawyer, the defense attorney never referenced the state's failure to call additional witnesses in closing argument. Id. at 565. In the instant case, however, Hazelwood, in closing argument, explicitly commented on the state's failure to call Southward and Ison as witnesses. In such a situation, the prosecutor must be able to "fairly reply" to the defense assertion regarding additional witnesses. Romero v. State, 435 So.2d 318 (Fla. 4th DCA 1983), rev. denied, 447 So.2d 888 (Fla. 1984). Thus, the prosecutor's comment that "defense counsel has the same subpoena power as the State of Florida" was entirely appropriate under the circumstances.
However, the prosecutor's closing argument did not end with the comment that "defense counsel has the same subpoena power as the State of Florida." The prosecutor continued and argued:
The State would submit to you that Miss Ison and Mr. Southward, as indicated, could testify to nothing different than was already testified on that stand. Everything that was said or could have been said by them was said in this courtroom. Therefore, it's the State's position that the testimony was unnecessary.
With this argument, the prosecutor exceeded the scope of a "fair reply" and commented upon the nature of the additional, unheard testimony.
A prosecutor must confine his/her closing argument to evidence in the record *1244 and must not make comments which could not be reasonably inferred from the evidence. Thompson v. State, 318 So.2d 549, 551 (Fla. 4th DCA 1975), cert. denied, 333 So.2d 465 (Fla. 1976). This court has repeatedly held that a prosecutor cannot suggest during closing argument that there are other witnesses who would corroborate the state's case had they been called to testify. Tillman v. State, 647 So.2d 1015 (Fla. 4th DCA 1994); Williams v. State, 548 So.2d 898 (Fla. 4th DCA 1989). Recently, in Tillman, the defense counsel emphasized that the arresting and searching police officers had not been called by the state. Tillman, 647 So.2d at 1015. In response, the state argued:
Now the state could have called the police officers in this case but was it necessary? They were just going to come in here and reiterate to you  [Objection.] What the police officers would have told you is exactly the same thing the witnesses would have told you... . There was no need to call them.
Id. On appeal, this court reversed Tillman's conviction concluding the prosecutor's response suggested other witnesses who would corroborate the state's case.
In the instant case, defense counsel questioned the lack of testimony from witnesses Southward and Ison. Although this comment opened the door to a fair response regarding the defense's subpoena power, the state cannot go so far as telling the jury that the additional, uncalled witnesses would corroborate the state's case. This is exactly what happened here; the state stepped outside the boundaries of a "fair reply." Therefore, because the prosecutor suggested that Southward and Ison would corroborate the state's case, the closing argument was impermissible.
Accordingly, the judgment and sentence appealed is reversed and the cause is remanded for a new trial.
REVERSED AND REMANDED.
FARMER and KLEIN, JJ., concur.