WARNER, J.
 

 In his retrial for sexual battery on a minor as well as lewd and lascivious conduct, appellant was again convicted. He appeals and claims that the trial court erred in refusing to reconsider his motion to suppress after this court remanded for a new trial, admitting prejudicial evidence of sexually explicit materials in his possession at the time of his arrest, and failing to order a mistrial when the state improperly suggested to the jury that it had additional incriminating evidence which it was not allowed to present. We affirm, concluding that the court had no obligation to revisit the motion to suppress; the appellant “opened the door” to the state’s questions regarding the sexual objects; and the court did not abuse its discretion in denying the motion for mistrial, as the prosecutor’s remarks did not overtly suggest additional incriminating evidence.
 

 Shermer was charged with multiple counts of capital sexual battery on four different children. After his conviction in the first trial in which all counts were tried together, this court reversed his convictions for a new trial, because the trial court erred in denying his motion to sever.
 
 See Shermer v.
 
 State, 935 So.2d 74 (Fla. 4th DCA 2006). Upon remand, Shermer requested that the trial court reconsider his motion to suppress which had been denied prior to the trial court’s refusal to sever the various counts in the first trial. The court refused to reconsider.
 

 The case went to trial for one count each of sexual battery and lewd and lascivious conduct against one of the child victims, S.J. The state presented the testimony of the victim and that of another child, F.S., whose testimony was admitted as
 
 Williams
 

 [1]
 
 rule evidence. They both related various sexual acts which Shermer performed on them over several years beginning when the victim was seven or eight years old.
 

 The investigating detective had died since the first trial, but his prior testimony was read to the jury. He explained that the victim’s step-father reported the suspected abuse with the detective. The next day Shermer came to the station to speak with the detective. The detective requested that Shermer speak to him and permit the recording of his statement to the detective. The jury listened to the tape of Shermer’s statement. In it, Shermer explained that he babysat the children frequently, including spending the night. He gave explanations for the victim’s allegations of child abuse. He admitted waking up with the child victim naked and playing with his genitals, erotic dancing by the children, and rubbing medication on their genitals when they had rashes. He admitted to multiple other sexually explicit acts which the children allegedly performed in front of him.
 

 
 *264
 
 The state also sought to question Linda Davies, Director of the Child Protection Team, who had participated in an interview of S.J. When the state asked her to explain what a forensic interview was, defense counsel objected on relevance grounds, as the substance of the interview would not be admitted. The state sought only to present that an interview was conducted on a certain date, as well as Ms. Davies’s observations of the child’s demeanor. The trial court sustained the defense objection after a lengthy sidebar. However, the court agreed to allow the state to ask her for the date of the interview and to identify a photograph of S.J. taken around that time. Before the prosecutor asked Ms. Davies these questions, he said, “I apologize for that, Ms. Davies, these things happen. It’s gonna be a little shorter testimony.” The prosecutor concluded by stating, “I don’t have any other questions, Judge, based on the Court’s ruling.”
 

 Defense counsel moved for a mistrial because of these statements, contending that the state had suggested to the jury that it had other information which would now not be presented, permitting the jury to speculate on that other information. The trial court denied the motion, concluding that the statement was unintentionally improper, but that it would be covered by the preliminary jury instruction that the jury should not speculate on matters which the court excluded.
 

 Shermer testified in his own defense, denying any sexual contact with the victim. During his testimony, he explained that one night he woke up to find the victim playing with his penis. He denied getting aroused, claiming that he was impotent. On cross-examination, he told the prosecutor that he did not try to get sexually aroused. The prosecutor then asked, “So that’s why you had the X-rated movies the police found?” Defense counsel objected on the grounds that this constituted bad character evidence, and it was irrelevant. The prosecutor claimed that Shermer’s direct testimony and his answers on cross-examination opened the door to the questions. The court overruled the objection, finding some relevance due to Shermer’s testimony that he did not attempt to get sexually aroused.
 

 The jury found Shermer guilty of both counts charged. The court sentenced Shermer to life in prison for the sexual battery and thirty years for lewd and lascivious conduct. Shermer appeals.
 

 Shermer first claims that the court erred in refusing to reconsider the order denying the motion to suppress his confession. He contends that he was entitled to a new hearing on his motion to suppress, based upon the general proposition that “when a conviction is reversed it is a nullity, and the effect of the reversal is to restore the defendant to the point in the proceedings where the error was made.”
 
 Griffith v. State,
 
 654 So.2d 936, 944 n. 14 (Fla. 4th DCA 1995) (citing
 
 Ex parte Livingston,
 
 116 Fla. 640, 156 So. 612 (1934);
 
 Kaminski v. State,
 
 72 So.2d 400 (Fla.1954)),
 
 quashed on other grounds,
 
 675 So.2d 911 (Fla.1996). We find no merit in this issue under the circumstances of this case. The case was reversed for a new trial because multiple counts against multiple victims were tried together. Although that may have been the result of the denial of a motion to sever, the error occurred when the cases were tried together. Up until that point, the trial court could have reconsidered a motion to sever and granted it. We thus deem that the error occurred at the point of trial, and the case was reversed for a new trial.
 

 Moreover, the motion to suppress was denied prior to the denial of the motion to sever. Therefore, even under Shermer’s
 
 *265
 
 construction of the law, the reversal grounded on the error in denying the motion to sever would “restore” the defendant to his position just prior to the denial of the motion to sever. By that time the trial court had already denied the motion to suppress.
 

 The trial court had the discretion to reconsider the order denying the motion to suppress. “As a matter of ‘comity and courtesy,’ a judge should hesitate to undo the work of another judge who presided earlier in the case. However, prior to final judgment, a successor judge has the power to vacate or modify a predecessor’s interlocutory rulings .... ”
 
 Hull & Co. v. Thomas,
 
 834 So.2d 904, 906 (Fla. 4th DCA 2003) (citation omitted). The trial court did not abuse its discretion in refusing to reconsider the prior judge’s ruling on the motion to suppress, particularly where the defense provided no reason based upon evidence or law which would change the result.
 

 In his second issue on appeal, Shermer argues that the trial court erred in allowing the state to cross-examine him regarding the sexually explicit items found in his possession, as this evidence constituted bad character evidence and was highly prejudicial. The state counters that Shermer opened the door when he testified to being uninterested in sex during the time he was allegedly molesting S.J. The standard of review for admissibility of evidence is abuse of discretion, limited by the rules of evidence.
 
 Nardone v. State,
 
 798 So.2d 870, 874 (Fla. 4th DCA 2001).
 

 Section 90.404(1), Florida Statutes, provides: “Evidence of a person’s character or a trait of character is inadmissible to prove action in conformity with it on a particular occasion.” In
 
 Killian v. State,
 
 730 So.2d 360 (Fla. 2d DCA 1999), the court held that where the defendant was charged with sexual battery against his nine-year-old niece, sexually explicit books recovered in the defendants house were inadmissible under section 90.404(1) to show that the defendant acted in accordance with a particular character trait. Here, the pornography and sexual objects found in Shermers house could not be admitted at trial under section 90.404(1).
 

 Under section 90.404(l)(a), however, “[ejvidence of a pertinent trait of character offered by an accused, or by the prosecution to rebut the trait” is admissible. The prosecution is permitted to rebut the trait where the defendant “opens the door” to such evidence. In
 
 Bozeman v. State,
 
 698 So.2d 629, 630-31 (Fla. 4th DCA 1997), we explained that to open the door to bad character evidence, the defense must have presented some evidence which might mislead the jury:
 

 To open the door to evidence of prior bad acts, the defense must first offer misleading testimony or make a specific factual assertion which the state has the right to correct so that the jury will not be misled. The “opening the door” concept is based on considerations of fairness and the truth-seeking function of a trial, where cross-examination reveals the whole story of a transaction only partly explained in direct examination,
 

 (citations omitted).
 

 For example, the court concluded that the defendant opened the door in
 
 Allred v. State,
 
 642 So.2d 650 (Fla. 1st DCA 1994), where a defendant charged with aggravated battery testified that he would never hit a woman. The state called rebuttal witnesses who testified that the defendant had struck his first wife and former girlfriend.
 
 See also Brown v. State,
 
 579 So.2d 898, 899 (Fla. 4th DCA 1991) (“We find no error in permitting the impeachment evidence that Brown was fired from his job as a correctional officer after he had previ
 
 *266
 
 ously testified that he had quit.”);
 
 Hernandez v. State,
 
 569 So.2d 857, 859 (Fla. 2d DCA 1990) (“When the appellant testified that he had never done any drug deals in his life, he opened the door to questioning about a heroin deal he had arranged two days prior to the instant offenses.”).
 

 In this ease, Shermer asserted on direct examination that during the five-year period before his arrest, he had no interest in sex and had difficulty getting an erection. Shermer implied that because of this, he would not have engaged in sexual activities with the victim. The evidence of the pornographic toys, books, and videos in Shermer’s house would tend to show that his direct testimony was, at best, misleading. The trial court did not abuse its discretion in concluding that the state was permitted to cross-examine Shermer regarding this otherwise inadmissible evidence.
 

 Finally, Shermer contends that the court erred in refusing to grant a mistrial when the prosecutor suggested that evidence had been excluded in limiting Linda Davies’s testimony. Shermer argues that in stating, “I apologize for that, Ms. Davies, these things happen. It’s gonna be a little shorter testimony” and “I don’t have any other questions, Judge, based on the Court’s raling,” the state suggested that it had additional evidence of Shermer’s guilt, which the court ruled inadmissible.
 

 We review the denial of a motion for mistrial for abuse of discretion by the trial court.
 
 Durrant v. State,
 
 839 So.2d 821, 824 (Fla. 4th DCA 2003). “A mistrial should be granted only in circumstances where ‘the error committed was so prejudicial as to vitiate the entire trial.’ ”
 
 Ibar v. State,
 
 938 So.2d 451, 471 (Fla.2006) (citation omitted).
 

 Shermer relies on cases such as
 
 Landry v. State,
 
 620 So.2d 1099, 1102 (Fla. 4th DCA 1993), where we noted that “it [i]s fundamental error for a prosecutor to argue in closing that there was other evidence which could have been introduced but wasn’t.”
 
 See also Tillman v. State,
 
 647 So.2d 1015, 1015-16 (Fla. 4th DCA 1994) (“the prosecutors representation to the jury of additional corroborating evidence which he saw no need to present to them was highly improper and prejudicial, necessitating reversal”) (citing
 
 Thompson v. State,
 
 318 So.2d 549, 551 (Fla. 4th DCA 1975)). In
 
 Landry
 
 the prosecutor in closing argument told the jury, “The point is [appellant] did come at him with that pickup truck for her own motives and reasons, some evidence I can’t comment upon.” 620 So.2d at 1101. However, we noted that the entire argument was peppered with improper comments, and we did not reverse solely on the basis of this comment.
 

 While it is improper for the state to suggest to the jury that it had additional evidence that it did not produce or was not allowed to produce, to warrant a mistrial it must vitiate the entire trial.
 
 See Ibar,
 
 938 So.2d at 471. Here, we cannot say that the prosecutor’s comment suggested that he had additional evidence, or that it was so prejudicial to warrant a mistrial. The prosecutor did not suggest that he had other evidence, merely that Ms. Davies’s testimony would be cut short. It would have been apparent to the jury that an objection was made to something in Ms. Davies’s testimony, and the court would not let her testify as to her explanation of the interview with the victim. As the trial court noted, however, the preliminary instructions cover this exact situation.
 

 Furthermore, even if it could be interpreted as a statement that the state had other evidence which it could not present, the jury knew that the witness would testify about her interview with the victim.
 
 *267
 
 Yet the victim herself testified at trial to the sexual battery and abuse. At best the evidence would have been cumulative.
 

 In addition, the state presented testimony from eyewitnesses, S.J. and F.S., of Shermer’s criminal acts. Shermer’s highly incriminating statement to the police also provided the state with additional and compelling proof. The overwhelming evidence of guilt suggests that this slight reference by the state during the testimony of the witness did not warrant a mistrial. The trial court did not abuse its discretion in denying defense counsel’s motion.
 

 Affirmed.
 

 POLEN, J„ and KAPLAN, MICHAEL G., Associate Judge, concur.
 

 [1]
 

 .
 
 Williams v. State,
 
 110 So.2d 654 (Fla.1959).