PER CURIAM.
Appellant Marlon Miguel Brown (“Brown”) timely appeals the trial court’s final judgment and sentence for first degree murder, false imprisonment, and carrying a concealed weapon. This court has jurisdiction. Fla. R.App. P. 9.140(b)(1)(A) (2008). For the reasons set forth below, we reverse.
Brown was charged by information with one count of second degree murder of Shanique Harris (“Harris”) with a firearm, which was later superseded by an indictment for first degree murder with a firearm, false imprisonment with a firearm, and carrying a concealed firearm. A jury trial was held, and Brown was found guilty on all counts. The trial court sentenced him to life imprisonment for the first degree murder, fifteen years for false imprisonment, and five years for carrying a concealed weapon. Brown moved for a new trial, arguing the impropriety of the State’s rebuttal in its closing statement. After hearing arguments from both sides, the court denied Brown’s motion.
On appeal, Brown raises several claims, but we find only his argument as to the State’s closing statement persuasive. Thus, we affirm as to the other claims without further discussion.
The alleged errors in the State’s closing argument were on rebuttal. After giving a brief initial closing statement, the State presented to the jury a much more extensive, thirty-four-slide PowerPoint presentation on rebuttal. That presentation also included a photograph, which was never introduced into evidence, and the name of a witness, who never testified at trial.
First, “[a] prosecutor must confine his or her closing argument to evidence in the record and must not make comments which could not be reasonably inferred from the evidence.” Hazelwood v. State, 658 So.2d 1241, 1244 (Fla. 4th DCA 1995). This Court in Hazelwood found that a new trial was necessary where “the prosecutor suggested that [witnesses who did not testify] would corroborate the [Sjtate’s case.” Id. Here, the photograph and the mention of a witness who never testified had the same prejudicial effect.
Further, we find problematic the general structure of the State’s closing argument. See Heddendorf v. Joyce, 178 So.2d 126 (Fla. 2d DCA 1965). In Hed-dendorf — & negligence action involving an *1151 automobile accident-plaintiffs counsel “did not assess or suggest any specific sum for the damages claimed other than out-of-pocket expenses” during his initial closing statement. Id. at 128. After the defendant’s reply, however, plaintiffs counsel, “for the first time in the trial, produced a chart outlining to the last cent his mathematical computation of each element of damage, totaling the sum of $61,035.96.” Id. The trial court denied the defendant’s request to reply to that rebuttal, and the Second District reversed the trial court. That decision was “founded upon the nature, function and purpose of closing argument,” which the Second District characterized as the following:
It thus appears that the concluding argument sustains an analogy to evidence in rebuttal. Its proper limit is a reply to what has been brought out in the defendant’s argument. As the plaintiff (or, in a criminal case, the State) is not allowed to establish its case in chief by evidence introduced for the first time in rebuttal, so the plaintiffs counsel (or the State’s counsel) ought not to be allowed, in the concluding argument, to take new ground, to state new points of law, or to read new authorities in support of the positions which he has assumed.
Id. at 129-30.
In the case at hand, the State’s initial closing went only as far as to assert how the evidence did not support convictions for lesser included charges. On rebuttal, however, the State summarized, in a detailed PowerPoint presentation, the testimony of each witness, what was shown in the surveillance tape, and the elements of each crime for which Brown was charged. The proper limit of a rebuttal is “a reply to what has been brought out in the defendant’s [closing] argument.” 178 So.2d at 130. The State’s rebuttal not only contained references to evidence that was never admitted at trial, but went beyond its function as a reply to Brown’s closing argument. This was improper.
Thus, we reverse the trial court’s denial of Brown’s motion and remand this case for a new trial.
POLEN and FARMER, JJ., concur.
GROSS, C.J., dissents with opinion.