PER CURIAM.
 

 Jeffrey Watson (“Watson”) appeals his conviction and sentence for trafficking in cocaine. We reverse.
 

 The police pulled Watson over for driving erratically and found a plastic bag with 124.6 grams of cocaine under the driver’s seat. The police arrested Watson, and the State charged him with trafficking in cocaine.
 

 At trial, Watson’s defense was that he did not know about the cocaine because the car did not belong to him. The arresting officer testified and took photographs showing a plastic bag protruding from under the driver’s seat. However, the officer never testified that he saw Watson hide the bag. Further, there were no fingerprints or other admissible evidence linking Watson to the bag of cocaine.
 

 During closing arguments, defense counsel argued, consistent with his defense, that there was no evidence that Watson placed the drugs under the seat. In rebuttal, the State argued that it could be inferred from the bag’s position that Watson was trying to conceal the cocaine before the police stopped him. Defense counsel objected three times concerning the State’s reference to concealment. Each time, the trial court overruled the objection. The trial court also denied defense counsel’s motion for mistrial. The jury convicted Watson, and the trial court sentenced him to ten years in prison with a three-year minimum mandatory sentence. Watson appealed.
 

 On appeal, Watson asserts that the trial court erred in overruling defense counsel’s objections to the State’s improper rebuttal argument. In essence, because there was no evidence of Watson’s concealment, it was highly prejudicial, and reversible error to argue facts not in evidence. The State contends that the trial court did not err in overruling defense counsel’s objections to rebuttal argument as the comments were reasonable inferences from the evidence and invited responses to the defense closing. We agree with Watson and reverse.
 

 A prosecutor must confine his or her closing argument to evidence in the record and must not make comments which could not be reasonably inferred from the evidence.
 
 See Ruiz v. State,
 
 743 So.2d 1, 4 (Fla.1999);
 
 Brown v. State,
 
 18 So.3d 1149, 1150 (Fla. 4th DCA 2009). Further, a proper rebuttal argument is limited to a reply to what has been brought out in the defendant’s closing argument. 18 So.3d at 1150.
 

 Here, there was no trial evidence presented to infer that Watson hid the drugs under the driver’s seat. Defense counsel’s closing argument discussed the absence of evidence proving Watson’s knowledge of the cocaine. Knowledge, in turn, is an essential element of the crime charged. We determine that the prosecutor’s rebuttal argument, inferring that from the bag’s
 
 *687
 
 position Watson was trying to conceal the drags before the police stopped him, was improper and reversible error. Thus, the trial court erred in overruling defense objections to the prosecutor’s rebuttal argument.
 

 Accordingly, we reverse and remand for a new trial.
 

 Reversed and remanded.