*372
 
 GROSS, J.
 

 In an incident that occurred on March 13, 2009, Willie Covington was charged with grand theft arising from shoplifting of groceries from Publix. There was a surveillance video of the theft, but it was not introduced at trial because Publix recorded over it in May, 2009. During closing argument, Covington contended that the absence of the video was a lack of evidence creating a reasonable doubt. During the state’s closing argument, the prosecutor responded to this contention by stating:
 

 And then a huge part about this video. Gosh, video that existed, it was a surveillance, State didn’t show it to you. Well, you know what? They could have got it too. They could have shown it to you. They had just as much of an opportunity to go and ask for that video as we did.
 

 The prosecutor’s closing argument was improper for two reasons. First, it was factually inaccurate. Covington was arrested on March 13, 2009 and sought discovery in March. The state filed an information on April 7 and did not disclose the existence of any surveillance evidence until September, 2009. Thus, it does not appear that appellant was aware of the surveillance video during the 60 day period when it might have been obtained from Publix. Second, the argument improperly shifted the burden of proof to Covington. “[T]he state cannot comment on a defendant’s failure to produce evidence to refute an element of the crime, because doing so could erroneously lead the jury to believe the defendant carried the burden of introducing evidence.”
 
 [1]
 

 Hayes v. State,
 
 660 So.2d 257, 265 (Fla.1995) (quoting
 
 Jackson v. State,
 
 575 So.2d 181, 188 (Fla.1991)). The prosecutor compounded the error by implying that video would have corroborad ed the state’s case had it been shown.
 
 See Williams v. State,
 
 548 So.2d 898, 899-900 (Fla. 4th DCA 1989).
 

 We have reviewed the entire record and do not find the error to be harmless. On another matter, because the matter was not preserved by a specific objection, we do not reach the best evidence rule issue.
 
 See
 
 §§ 90.951-90.954, Fla. Stat. (2009).
 

 Reversed and remanded for a new trial.
 

 POLEN and CONNER, JJ., concur.
 

 [1]
 

 . The narrow exception to the general rule, where the defendant has asserted a defense such as alibi or self defense, does not apply in this case.
 
 See Jackson v. State,
 
 575 So.2d 181, 188 (Fla.1991);
 
 Lawyer v. State,
 
 627 So.2d 564, 567 (Fla. 4th DCA 1993).