DAMOORGIAN, J.
Lyndin Howell appeals his judgment and sentence on the charge of failure of a sex offender to register. Howell raises two issues. First, Howell argues that he was deprived of his due process right to a neutral, detached presiding judge when the trial judge engaged in an ex-parte discussion with an assistant state attorney concerning the State’s motion in limine. Second, he asserts that the trial court reversibly erred by overruling his objection to the State arguing facts not in evidence. Finding merit to Howell’s first issue on appeal, we reverse and remand for a new trial, concluding that the trial court erred by engaging in an ex-parte communication in which the trial judge indicated how he would rule on the State’s motion in limine to preclude the defendant from claiming a mental health defense. Love v. State, 569 So.2d 807, 810 (Fla. 1st DCA 1990) (citing Livingston v. State, 441 So.2d 1083, 1085-86 (Fla.1983)) (Ex-parte communication between a trial judge and an assistant attorney general concerning a pending criminal case mandates reversal if the defendant can demonstrate that there was prejudice as a result of the improper communication.).
Our decision on the first issue renders moot the second issue, although for purposes of re-trial, we remind the State of its obligation to limit its closing argument to matters supported by the evidence presented at trial. See Hazelwood v. State, 658 So.2d 1241, 1243-44 (Fla. 4th DCA 1995) (“A prosecutor must confine his/her closing argument to evidence in the record and must not make comments *442 which could not be reasonably inferred from the evidence.”).
Accordingly, we reverse and remand for a new trial. On remand, the case shall be reassigned to a different division judge.

Reversed and Remanded.

WARNER and CONNER, JJ., concur.