DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**GARLAND McDOWELL,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-631

[November 19, 2014]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael A. Usan, Judge; L.T. Case No. 12-17567CFA.

Carey Haughwout, Public Defender, and Anthony Calvello, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melanie Dale Surber, Assistant Attorney General, West Palm Beach, for appellee.

GROSS, J.

We reverse the convictions in this case due to the prosecutor's closing argument which indicated that there were other witnesses the State might have called to corroborate the testimony of the witness who testified.

McDowell was convicted of possession of cocaine with intent to sell, manufacture, or deliver within 1,000 feet of a church and possession of drug paraphernalia.

The police executed a search warrant on a residence expecting to find a person named Lorenzo Parrish. When the police SWAT team arrived, they encountered McDowell charging his cell phone near the outside corner of the building. To maintain the element of surprise, the officers quietly detained McDowell; according to the officer who testified, McDowell attempted to "toss" away his key to the residence. The SWAT team recovered the key, used it to open the front door, and secured the residence. The residence contained drugs and paraphernalia used to cook crack cocaine for street sale.

In closing argument, the prosecutor contended that McDowell's "throwing" the residence key was the "key" to the case, as it evidenced McDowell's last gasp attempt to disavow knowledge of the illicit drugs strewn throughout the home. Defense counsel responded by arguing a lack of evidence, pointing out that despite using an aircraft and a 12-member SWAT team to execute the search warrant, the State presented only a single detective to testify about McDowell's act of "throwing" the key.

In rebuttal, the prosecutor responded to the "lack of evidence" argument as follows:

> You didn't really expect the other police officer's testimony would have been any different than what you've already heard?
>
> . . .
>
> Do you expect that testimony to be any different? Of course not. I have too much respect for your time to waste your time to call ten people to tell you the exact thing over and over again.

Defense counsel's objection to both statements was overruled.

Closing argument is the culmination of the trial process, in which both sides are permitted "to review the evidence and to explicate those inferences which may reasonably be drawn from the evidence." *Bertolotti v. State,* 476 So. 2d 130, 134 (Fla. 1985). "'The role of the attorney in closing argument is 'to assist the jury in analyzing, evaluating and applying the evidence,'" not to lead the jury astray via a path of irrelevant or improper analysis. *Ruiz v. State,* 743 So. 2d 1, 4 (Fla. 1999) (quoting *United States v. Garza,* 608 F.2d 659, 662 (5th Cir. 1979)).

While litigants are provided wide latitude to present their respective cases, *see Franqui v. State,* 804 So. 2d 1185, 1195 (Fla. 2001), with control of such comments left to the discretion of the trial court, *see Simon v. State,* 38 So. 3d 793, 796 (Fla. 4th DCA 2010), the parties "must 'confine their argument to the facts and evidence presented to the jury and all logical deductions from the facts and evidence.'" *Hosang v. State,* 984 So. 2d 671, 672 (Fla. 4th DCA 2008) (quoting *Knoizen v. Bruegger,* 713 So. 2d 1071, 1072 (Fla. 5th DCA 1998)).

A time-honored defense argument in a criminal case is the lack of evidence, with one source of the deficiency being missing witnesses. A prosecutor cannot respond to this argument by suggesting "during closing argument that there are other witnesses who would corroborate the state's case had they been called to testify." *Hazelwood v. State,* 658 So. 2d 1241,

1244 (Fla. 4th DCA 1995) (citation omitted); *see also Tillman v. State*, 647 So. 2d 1015, 1015-16 (Fla. 4th DCA 1994); *Landry v. State,* 620 So. 2d 1099, 1102 (Fla. 4th DCA 1993).  We wrote in *Williams v. State*, 548 So. 2d 898 (Fla. 4th DCA 1989), that

> [t]he rule is well established that it is perfectly permissible for the defense to comment on the paucity of incriminating evidence adduced by the state, and the state is entitled to respond.  However, the response cannot suggest there are other witnesses who would corroborate the state's case had they been called to testify.

*Id.* at 899-900 (citations omitted).

This case is distinguishable from *Ramirez v. State*, 125 So. 3d 171, 178 (Fla. 4th DCA 2013), which found no fundamental error in similar prosecutorial comments in a closing argument.  Here, defense counsel preserved his objection to the comments.

The trial court abused its discretion in overruling the objection to the prosecutor's remarks.  Finding the error not to be harmless, we reverse the convictions and remand for a new trial.

DAMOORGIAN, C.J.,  and STEVENSON, J., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***