# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-975
_____

BRENDEN BROWN,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
Mark Borello, Judge.

April 18, 2018

JAY, J.

Appellant was tried on the charge of armed robbery. The jury found him guilty as charged. On appeal, he raises four points for reversal. We find no error under any of the points and affirm on all four. We write only to address our affirmance on Point II because the relevant facts exemplify a permissible use of rebuttal argument in a criminal trial.

Under Point II, Appellant claims that the trial court erred when it denied defense counsel's request during closing arguments to respond to the State's rebuttal argument. Counsel maintained that the prosecutor's statements in her rebuttal argument improperly transcended the scope of the defense closing argument, and the trial court's failure to give defense counsel an opportunity

to respond was similar to the denial of a re-cross examination when a new matter is raised on redirect.

We review a trial court's ruling on the propriety of closing argument for an abuse of discretion. *See Cardona v. State*, 185 So. 3d 514, 520 (Fla. 2016). In the present case, we are not persuaded by Appellant's argument that the trial court abused its discretion. Instead, we view the prosecutor's rebuttal as a fair comment on defense counsel's closing. Our reasoning is set forth below.

The evidence at trial established that two men robbed the victim at gunpoint in the late night hours of December 19, 2015. While one of the robbers held a gun on the victim, the other robber grabbed her purse to find the keys to her car. Once it became clear that the keys were not in her purse—and because her screams for help were growing louder—the robbers settled on taking the victim's wallet, which contained a single dollar bill. They kept the dollar, but threw away the gun and the wallet after they fled. Neither item was recovered.

The police quickly responded to the scene of the crime, and the victim gave a clear description of the robbers' distinct attire. Within moments of a be-on-the-look-out ("BOLO") alert, another officer apprehended two men fitting the victim's description a half mile from the scene of the robbery. The initial responding officer drove the victim to where the men were being detained to conduct a "show-up." The victim was able to directly identify one of the men by both his attire and his face, but was only able to identify the second man by his attire. Appellant was that second man. Both men were taken into custody and interviewed by a robbery detective. During Appellant's interview, he admitted to having been with the other man—Derrick Matthews—earlier in the evening, smoking marijuana, but he denied being with Matthews when the robbery occurred.

At Appellant's trial, Derrick Matthews appeared as the State's key witness, having already pleaded guilty to the robbery. Matthews testified that Appellant was the man who had held the gun on the victim while directing Matthews to take her purse. Also testifying for the State was Detective Blankinchip, who revealed that after he had interviewed Appellant, he placed Appellant and Matthews alone together in an interview room that was wired for

2

audio, allowing Detective Blankinchip to listen to their conversation. The detective testified that he heard Appellant tell Matthews: "Don't say sh*t."

During his closing argument, defense counsel urged the jury to place little weight on Derrick Matthews' testimony, insinuating that in exchange for his cooperation in incriminating Appellant, the State would argue on Matthews' behalf for a light sentence. As for Detective Blankinchip's testimony, counsel had this, and only this, to say:

> Then the State called Officer Blankinchip and he [Appellant] honestly admitted that he was with Derrick Matthews earlier in the day smoking marijuana, but he didn't say anything about the subject incident. There's no confession or admission there. And Detective Blankinchip kind of sneered when he talked about my client Brenden Brown's refusal to talk any further. But he had to admit [on cross-examination], there's a lot of innocent people that wisely choose not to talk to the police. So you can't take any error for anything with somebody using their good judgment and not talking with a law enforcement officer. Maybe wait until they get a lawyer.

Counsel briefly discussed the remaining evidence and then exhorted the jury not to convict Appellant because the whole of the State's case depended on "Derrick Matthews' testimony, and he [was] a completely dishonest lying [and] unbelievable individual."

After the courtroom settled, the prosecutor stood to deliver her rebuttal argument. "'Do not say sh*t,'" she began, quoting Appellant. Defense counsel did not object. The prosecutor continued: "That's what this defendant said to Derrick Matthews when they were together in the Interview Room the night that they robbed [the victim] at gunpoint." Still no objection. The prosecutor went on: "Ladies and gentlemen of the Jury, I want you to think based on the defense's Closing Argument, don't say sh*t about what, if the Defendant wasn't even there. If the Victim made up a second assailant and it was all Derrick Matthews." The defense was silent.

3

*After* the prosecutor finished her rebuttal argument, defense counsel requested a side-bar at which, out of the hearing of the jury, he argued that the State's rebuttal had exceeded the scope of his closing argument with the "Do not say sh*t comment." He pointed out that the comment was not addressed in his closing and the prosecutor's quote "kind of came out of the blue." Accordingly, he asked the trial court to permit him the opportunity to address "just that point." The trial court denied the request, finding that the prosecutor's argument was "fair comment" on defense counsel's "generic" reference to the detective's interview and his failure to address Appellant's subsequent statement to Matthews.

Defense counsel's closing argument deftly omitted any acknowledgment of Appellant's instruction to Matthews. That strategy left a monumental hole in the evidentiary narrative that the State had every right to fill in—to rebut defense counsel's argument that Appellant's only statement was that he was not a participant in the robbery and that Appellant "didn't say anything about the subject incident." In that respect, the State's rebuttal qualified as a legitimate, real-time reaction to defense counsel's synopsis of the State's evidence.

"The proper limit of a rebuttal is 'a reply to what has been brought out in the defendant's [closing] argument.'" *Brown v. State*, 18 So. 3d 1149, 1151 (Fla. 4th DCA 2009) (quoting *Heddendorf v. Joyce*, 178 So. 2d 126, 130 (Fla. 2d DCA 1965)); *see also Jackson v. State*, 147 So. 3d 469 (Fla. 2014) (holding that the prosecutor's comments made in rebuttal to the defense's closing arguments, which "implicitly rebuked the defense's closing arguments," were, instead, "a fair response to defense counsel's attack on the credibility of the State's witnesses"). Yet, a variant of that rule is also true. Certain facts may be strategically omitted in a closing argument in order to enhance the non-criminal explanation for the defendant's behavior. In those circumstances, the State's invited response—to facts that are in the record but omitted by defense counsel—falls within the appropriate boundaries of rebuttal argument. *See Walls v. State*, 926 So. 2d 1156, 1166 (Fla. 2006) ("A prosecutor's comments are not improper where they fall into the category of an 'invited response' by the preceding argument of defense counsel concerning the same subject."); *State v. Ling*, 212 So. 3d 530, 533 (Fla. 1st DCA 2017)

4

("Where defense counsel places an issue before the jury in closing argument, the prosecution is permitted to respond, and the defense may not be granted a new trial because the state 'rose to the bait.'") (citation and internal quotations omitted); *Lot v. State*, 13 So. 3d 1121, 1124 (Fla. 3d DCA 2009) ("[T]he State's comments were made in direct response to the defendant's closing argument that the defendant's easily-traceable actions indicate a non-criminal motive or intent. . . . [W]e hold that the trial court acted within its discretion by allowing the prosecutor's argument and denying the defendant's subsequent motion for a mistrial."); *cf. Brown*, 18 So. 3d at 1150-51 (holding that the State's thirty-four-slide PowerPoint presentation on rebuttal—which included a photograph never introduced in the evidence and the name of a witness who never testified at trial—went far beyond its proper function as a reply to the defense's closing argument).

Here, at the close of defense counsel's argument, the jurors were left with the impression that Appellant's last word on the subject robbery was his statement to Detective Blankinchip that he did not commit the crime. The State, therefore, was entitled to remind them of Detective Blankinchip's testimony concerning what Appellant said to Matthews, as well as to argue any fair inferences from that testimony.

Accordingly, because the State's rebuttal did not come "out of the blue," but was invited by defense counsel's argument, we hold that the trial court did not abuse its discretion in denying defense counsel a second opportunity to address the jury.

AFFIRMED.

WINSOR and M.K. THOMAS, JJ., concur.

—————————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

—————————————————

5

Andy Thomas, Public Defender, Glen P. Gifford, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, Amanda D. Stokes, Assistant Attorney General, Tallahassee, for Appellee.